*In re* HUMBERTO J. RAMÍREZ FERRER, querellado.

*Número:* AB-2003-193        *Resuelto:* 6 de mayo de 2005

*Roberto J. Sánchez Ramos*, procurador general; *Teresa Maldonado* y *Gypsy Córdova*, querellantes; *Humberto J. Ramírez Ferrer*, abogado querellado.

PER CURIAM: Luego de evaluar una queja que contra el Lcdo. Humberto J. Ramírez Ferrer presentaran el Sr. Gipsy Córdova Martínez y la Sra. Teresa Maldonado Oliveras, y la comparecencia del referido abogado, el Procurador General de Puerto Rico nos rindió un informe *el 16 de*

*abril de 2004*, en el cual concluyó "que el querellado incurrió en violación al Canon 21 de Ética Profesional".

Mediante Resolución de *5 de mayo de 2004*, le concedimos un término al licenciado Ramírez Ferrer "para expresarse sobre el Informe presentado por la Oficina del Procurador General". Éste *no* compareció en cumplimiento de dicha resolución. El *16 de julio de 2004* le concedimos al licenciado Ramírez Ferrer un segundo término "para expresarse sobre el Informe del Procurador General". El referido abogado *tampoco compareció*. Mediante Resolución de *11 de febrero de 2005*, pág. 1, le concedimos un nuevo término al licenciado Ramírez Ferrer "para mostrar causa por la cual no deba ser disciplinado *por incumplir* con nuestras Resoluciones de 5 de mayo y de 16 de julio de 2004, *acción disciplinaria que, incluso, puede conllevar el desaforo*". (Énfasis suplido.)

En esta *tercera* ocasión, ordenamos que la resolución emitida fuera *notificada personalmente* al licenciado Ramírez Ferrer por la Oficina del Alguacil de este Tribunal. *Así se hizo el 17 de febrero de 2005*. Al día de hoy, *el licenciado Ramírez Ferrer no ha comparecido ante el Tribunal en cumplimiento de lo ordenado*. En otras palabras, ha transcurrido *en exceso* de un (1) año sin que el mencionado abogado se haya dignado a cumplir con nuestras órdenes.

I

Resulta verdaderamente sorprendente el hecho de que un abogado ponga en riesgo su título y el ejercicio de su profesión por desacatar las órdenes que, con relación a su conducta profesional, emita este Tribunal. Nos llama la atención la frecuencia con la que este Tribunal se enfrenta a esta clase de situación. Somos del criterio de que el tiempo y esfuerzo invertidos en obtener su grado académico, y los sacrificios que conlleva la admisión a la profesión, deberían ser incentivos suficientes para que los

miembros de la clase togada actúen de manera distinta ante los requerimientos que les hace este Tribunal.

En reiteradas ocasiones hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino también a la jurisdicción disciplinaria de este Tribunal. *In re Cuevas Vélez*, 157 D.P.R. 129 (2002); *In re Ríos Acosta I*, 143 D.P.R. 128 (1997). Asimismo, hemos sido *enfáticos* al señalar que la naturaleza pública de la profesión de abogado le impone a la clase togada la *obligación* de observar rigurosamente los requerimientos de este Tribunal, en particular cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. *In re Vázquez Santiago*, 155 D.P.R. 926 (2001).

En ese sentido, es importante resaltar que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal dentro del procedimiento disciplinario, *constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la imposición de sanciones disciplinarias severas.*[1] Ello considerando que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía". *In re Vargas Soto*, 146 D.P.R. 55, 62 (1998).

Como señaláramos en *In re Escalona Colón*, 149 D.P.R. 900, 901 (2000), el "[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de

---

[1] *In re Pérez Brasa*, 155 D.P.R. 813 (2001); *In re Vázquez Santiago*, 155 D.P.R. 926 (2001); *In re Figueroa Carrasquillo*, 153 D.P.R. 132 (2001); *In re López López*, 149 D.P.R. 82 (1999); *In re Vargas Soto*, 146 D.P.R. 55 (1998); *In re Ríos Acosta I*, 139 D.P.R. 117 (1995); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Nicot Santana*, 129 D.P.R. 717 (1992).

respeto y contumacia hacia este Tribunal que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que "no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes". *In re Guemárez Santiago I*, 146 D.P.R. 27, 29 (1998). Véase, además, *In re Nicot Santana*, 129 D.P.R. 717, 718 (1992).

## II

La actitud de dejadez y desidia que ha demostrado el Lcdo. Humberto J. Ramírez Ferrer ante la orden emitida por este Tribunal *constituye prueba incontrovertible de que éste no interesa continuar siendo miembro de la profesión*. Dicho proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.

Por los fundamentos antes expresados, *se decreta la suspensión indefinida e inmediata de Humberto J. Ramírez Ferrer del ejercicio de la abogacía y de la notaría en nuestra jurisdicción.*

*Se dictará sentencia de conformidad.*