*In re* WANDA VIERA PÉREZ.

*Número:* TS-10253          *Resuelto:* 9 de noviembre de 2005

*Salvador Antonetti Stutts*, procurador general, en informe; *Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías; *Israel Pacheco Acevedo*, oficial investigador de la Comisión de Ética del Colegio de Abogados de Puerto Rico.

PER CURIAM: La Sra. Wanda I. Viera Pérez fue admitida al ejercicio de la abogacía el 8 de julio de 1992.

El 7 de febrero de 2001 el Procurador General presentó una querella contra la señora Viera Pérez por haber sido convicta por delito grave en conexión con el ejercicio de su profesión de abogada, de acuerdo con la Ley de 11 de mayo de 1909[1] y por violación a los Cánones 9, 18, 19, 35 y 38 del Código de Ética Profesional.[2] Fue encontrada culpable de cinco cargos por violación al Art. 272 del Código Penal de Puerto Rico de 1974.[3]

Atendida la referida querella el 23 de marzo de 2001, le concedimos a la señora Viera Pérez cinco días para que mostrara causa por la cual este Tribunal no debía suspenderla provisionalmente del ejercicio de la profesión de abogado. El 23 de abril de 2001 la señora Viera Pérez presentó su escrito para mostrar causa exponiendo las razones por las cuales no debía ser suspendida provisionalmente.

A la luz de la totalidad de los documentos que obraban en autos, el 22 de mayo de 2001 suspendimos inmediata y provisionalmente a la señora Viera Pérez del ejercicio de la profesión de abogado y de la notaría hasta que otra cosa dispusiera este Tribunal. Le concedimos, además, quince días para que contestara la querella presentada por el Procurador General. Al día de hoy no ha contestado la querella.

El 30 de agosto de 2001 emitimos una resolución en la que ordenamos que se unieran al expediente personal de la

---

[1] 4 L.P.R.A sec. 735.

[2] 4 L.P.R.A. Ap. IX.

[3] 33 L.P.R.A. sec. 4592.

señora Viera Pérez dos quejas presentadas posteriormente en su contra.

El 15 de enero de 2002 la Directora de la Oficina de Inspección de Notarías presentó su informe sobre la obra notarial incautada a la señora Viera Pérez, donde señaló varias deficiencias, entre ellas algunas arancelarias por $12,511.50. Atendido el informe de la Directora de la Oficina de Inspección de Notarías, el 8 de febrero de 2002 ordenamos a la señora Viera Pérez subsanar las deficiencias arancelarias, bajo apercibimiento que de no cumplir con dicha orden remitiríamos el asunto a la División Criminal del Departamento de Justicia. Posteriormente emitimos varias resoluciones en las que ordenamos a la señora Viera Pérez que cumpliera con nuestra Resolución de 8 de febrero de 2002.

El Colegio de Abogados de Puerto Rico nos informó por escrito el 11 de febrero de 2005 que su Fondo de Fianza Notarial había cubierto la deuda arancelaria de la señora Viera Pérez, que ascendió a $14,557.50.

El 4 de marzo de 2005 la Directora de la Oficina de Inspección de Notarías nos informó por escrito que a esa fecha, la señora Viera Pérez no había subsanado el resto de las deficiencias notariales señaladas. Atendido ese escrito, referimos el 8 de abril de 2005 el asunto al Departamento de Justicia y al Procurador General. Le ordenamos a este último que realizara una investigación y nos rindiera un informe.

El 8 de julio de 2005 emitimos una resolución en la que concedimos un término al Procurador General para que nos informara sobre las gestiones realizadas, en cumplimiento de nuestra orden del 8 de abril de 2005. En igual término, ordenamos al Colegio de Abogados que nos informara sobre las gestiones relacionadas con el cobro a la señora Viera Pérez de lo pagado por el Fondo de Fianza Notarial, para cubrir las deficiencias arancelarias de su obra notarial.

El 5 de julio de 2005 el Procurador General nos informó por escrito que las demás deficiencias señaladas por la Directora de la Oficina de Inspección de Notarías a la obra notarial de la señora Viera Pérez no habían sido subsanadas. Ante ese hecho y en atención a la convicción que dio base a su suspensión provisional —por cinco cargos por delitos graves que implican depravación moral, por falsificación de sentencias y otros documentos judiciales— recomendó que fuera suspendida en forma indefinida de la abogacía y la notaría.

El 15 de agosto de 2005 el Colegio de Abogados de Puerto Rico nos informó por escrito que el 4 de febrero de 2005 le cursaron una carta a la señora Viera Pérez reclamándole el pago efectuado por el Fondo de Fianza Notarial para cubrir las deficiencias arancelarias de su obra notarial. El 4 de agosto de 2005 le enviaron otro requerimiento similar. De no recibir respuesta de la señora Viera Pérez en torno a dicha reclamación, nos informa que habrán de proceder al cobro por la vía judicial.

■   "La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral cesará, convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión."[4]

■   Los abogados tienen la obligación de atender las órdenes de este Tribunal especialmente cuando se trata de procedimientos de conducta profesional. El abogado tiene el deber de responder diligentemente a los requerimientos de este Tribunal en relación con una queja presentada en su contra que esté bajo investigación.[5]

La señora Viera Pérez fue convicta por delitos graves que implican depravación moral, relacionados con la prác-

---

[4] *In re Piñero Martínez*, 161 D.P.R. 293, 295 (2004). Véase *In re León Sánchez*, 159 D.P.R. Ap. (2003).

[5] Íd.; *In re Ramírez Ferrer*, 164 D.P.R. 744 (2005).

tica de la abogacía. No contestó la querella presentada por el Procurador General. Tampoco ha cumplido con múltiples requerimientos de la Directora de la Oficina de Inspección de Notarías, del Procurador General y de este Tribunal para la subsanación de las deficiencias señaladas a su obra notarial.

Por los fundamentos antes expuestos, *se suspende en forma indefinida a la Sra. Wanda I. Viera Pérez de la abogacía y la notaría. Notifíquese personalmente.*