EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2009 TSPR 174 |
|---|---|
| David Rosado Cruz | 177 DPR _____ |

Número del Caso: AB-2005-134

Fecha: 2 de octubre de 2009

Oficina del Procurador General:

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar

Materia: Conducta Profesional
        (La suspensión será efectiva el 30 de octubre de 2009 fecha en que se le notificó al abogado de su suspensión inmediata).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

David Rosado Cruz                    AB-2005-0134

**PER CURIAM**

San Juan, Puerto Rico, a 2 de octubre de 2009.

En el presente recurso disciplinario, nos encontramos ante la desatención e incumplimiento del Lcdo. David Rosado Cruz[1] hacia las órdenes de este Tribunal. Estas órdenes y requerimientos surgen de dos (2) quejas disciplinarias presentadas en contra del licenciado Rosado Cruz por su alegada conducta profesional violatoria de los Cánones de Ética que regulan la profesión de la abogacía.

_____

[1] El licenciado Rosado Cruz fue admitido al ejercicio de la abogacía el 15 de enero de 1991. Este Tribunal tomó conocimiento de que el licenciado Rosado Cruz no ha sido admitido al ejercicio de la notaria. **De igual forma tomamos conocimiento de que el licenciado Rosado Cruz ha sido sancionado por este Tribunal en dos (2) ocasiones anteriores.**

I

El 23 de octubre de 2008, el Sr. David Jiménez González y su esposa la Sr. Judith Ortiz Santiago, presentaron una queja disciplinaria en contra del licenciado Rosado Cruz. Los quejosos alegaron que el licenciado Rosado Cruz los representó de forma negligente e incompetente. Específicamente, alegaron que la reclamación judicial por ellos instada fue desestimada como consecuencia del pobre desempeño profesional del licenciado Rosado Cruz.

Debido a ello, el señor Jiménez González y su esposa la señora Ortiz Santiago acudieron ante el Lcdo. Jorge Couto González para que los asesorara sobre los efectos y consecuencias de la sentencia desestimatoria e intentara contactar al licenciado Rosado Cruz. El licenciado Couto González le envió varias cartas por correo y trató de contactarse por teléfono con el licenciado Rosado Cruz. Las referidas gestiones resultaron infructuosas.[2] Muestra de ello, es que todas las cartas fueron enviadas devuelta.

El 6 de noviembre de 2008, este Tribunal emitió una Resolución ordenándole al licenciado Rosado Cruz a contestar la queja disciplinaria presentada en su contra dentro de un término de diez (10) días.[3] El licenciado

---

[2] Las cartas fueron enviadas por correo a la dirección del licenciado Rosado Cruz que obra en el expediente judicial de la reclamación instada por el señor Jiménez González y la señora Ortiz Santiago.

[3] La Resolución le fue enviada por correo certificado a la dirección del licenciado Rosado Cruz que obra en el

Rosado Cruz hizo caso omiso a la referida Resolución. El 30 de junio de 2009, emitimos otra Resolución concediéndole al licenciado Rosado Cruz un término final de cinco (5) días para que contestara la queja disciplinaria y, en adicción, le apercibimos que de continuar con su incumplimiento le impondríamos sanciones disciplinarias. La Resolución fue personalmente diligenciada por dos (2) alguaciles quienes emitieron un informe de diligenciamiento negativo.

Por su parte, el 1 de diciembre de 2008, el Sr. Luis Rodríguez Maldonado presentó una queja disciplinaria en contra del licenciado Rosado Cruz. El señor Rodríguez Maldonado alegó que contrató los servicios del licenciado Rosado Cruz y le entregó un adelanto por la cantidad de $2,300.00. Luego, alegadamente, el licenciado Rosado Cruz no le contestó las llamadas, mensajes, ni una carta enviada el 1 de septiembre de 2008.

Analizada la queja presentada por el señor Rodríguez Maldonado, el 20 de enero de 2009, emitimos una Resolución concediéndole al licenciado Rosado Cruz un término de diez (10) días para que contestara la queja disciplinaria presentada en su contra.[4] El licenciado Rosado Cruz incumplió con nuestra orden y no contestó la referida

---

Registro Único de Abogados y Abogadas de Puerto Rico. La referida carta fue devuelta por el correo.

[4] Nuevamente, esta Resolución le fue enviada a la dirección postal del licenciado Rosado Cruz que obra en el Registro Único de Abogados y Abogadas de Puerto Rico.

queja. El 10 de marzo de 2009, le concedimos al licenciado Rosado Cruz un término adicional de cinco (5) días para que cumpliera con lo ordenado pero, nuevamente, el licenciado Rosado Cruz demostró su desidia y contumacia y continuó incumpliendo con nuestras órdenes de forma obstinada.

No obstante, el 30 de junio de 2009, le volvimos a conceder un término adicional de cinco (5) días para que el licenciado Rosado Cruz procediera a contestar la queja presentada en su contra por el señor Rodríguez González. Igualmente, le apercibimos que de continuar incumpliendo con nuestras órdenes le podríamos imponer severas sanciones, incluyendo una suspensión indefinida de la profesión de la abogacía. Dicha Resolución fue diligenciada personalmente por nuestros alguaciles. Nuevamente, el informe de diligenciamiento resultó ser negativo.

## II

Hemos sido enfáticos en que la naturaleza pública de la profesión de la abogacía le impone a todo abogado y/o abogada la más rigurosa observancia a los requerimientos relacionados con investigaciones disciplinarias.[5] Es obligación de todo abogado responder diligentemente los requerimientos relacionados a un procedimiento disciplinario seguido en su contra, no importa si los requerimientos son realizados por el Colegio de Abogados,

---

[5] In re: Ramírez Ferrer, 164 D.P.R. 744 (2005); In re: Pérez Brasa, 155 D.P.R. 813 (2001).

el Procurador General o, como en el caso ante nos, por este Tribunal.[6]

El ignorar las órdenes de este Tribunal conlleva la imposición de sanciones disciplinarias severas. Ello por tratarse de una conducta que contraviene con las normas éticas que regulan la profesión de la abogacía.[7] En adicción, la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, en lo referente a la exigencia de respeto hacia los tribunales.[8]

Este Tribunal es sumamente estricto con los abogados que ignoren nuestras órdenes. La testarudez y contumacia al no contestar nuestros requerimientos no será tolerada.[9] El incumplir con nuestras órdenes dentro de un procedimiento disciplinario constituye una falta ética distinta e independiente de los méritos de la queja o quejas disciplinarias ya presentadas.[10] No responder diligentemente nuestras órdenes o requerimientos constituye "una falta de respeto hacia los procedimientos de este

---

[6] In re: Cuevas Vélez, 157 D.P.R. 129 (2002); In re: Vázquez Santiago, 155 D.P.R. 926 (2001); In re: Izquierdo, 126 D.P.R. 202, 205 (1990).

[7] In re: Ramírez Ferrer, supra; In re: Vargas Soto, 146 D.P.R. 55 (1988).

[8] 4 L.P.R.A. Ap. IX, C. 9; In re: Vargas Soto, supra.

[9] In re: Santiago Méndez, 129 D.P.R. 696 (1991).

[10] In re: Ramírez Ferrer, supra; In re: Vázquez Santiago, supra; In re: Vargas Soto, supra.

Tribunal y socava nuestra función reguladora de la profesión" de la abogacía.[11]

### III

El reiterado incumplimiento de nuestras órdenes por parte del licenciado Rosado Cruz constituye de por si causa suficiente para tomar medidas disciplinarias en su contra. La negligencia y desidia demostrada por el licenciado Rosado Cruz es una conducta altamente reprochable e impropia que viola las más elementales normas éticas, además de ser una falta de respeto intolerable por este Tribunal.

El que el licenciado Rosado Cruz no haya contestado nuestras órdenes por no haber notificado ante este Tribunal su cambio de dirección física y/o postal no lo exime de lo antes expuesto. Ello por ser una obligación de todo abogado y abogada notificar a este Tribunal cualquier cambio de dirección, ya sea postal o física.[12] La profesión de la abogacía y la confianza pública depositada en ésta, obligan a los abogados y abogadas a cumplir con el deber de notificar cualquier cambio de dirección. De esta forma, este Tribunal puede ejercer cabal y eficientemente nuestra función disciplinaria. Hemos expresado que la omisión del abogado o abogada de mantener informado en todo momento a este Tribunal de su dirección, tanto postal como física, obstruye de forma sustancial la adecuada canalización del

---

[11] In re: Velázquez Quiles, 146 D.P.R. 30 (1998).

[12] In re: Figueroa Carrasquillo, 153 D.P.R. 132 (2001).

ejercicio de nuestra jurisdicción disciplinaria.  Al igual que la falta de no contestar nuestros requerimientos, el incumplimiento en notificar un cambio de dirección es causa suficiente e independiente de los méritos de la queja presentada en su contra para decretar una sanción disciplinaria.[13]

IV

Por los fundamentos antes expuestos, decretamos la separación inmediata e indefinida de la profesión de la abogacía al señor Rosado Cruz.  Le apercibimos a éste su obligación de notificar a todos sus clientes su inhabilidad para poder seguir representándolos e informar oportunamente su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico.  Además, tiene la obligación de certificarnos dentro de un término de treinta (30) días a partir de su notificación, el cumplimiento de estos deberes.

Se dictará sentencia de conformidad.

---

[13] In re: Sanabria Ortiz, 156 D.P.R. 345 (2002).  La Regla 9(j) del Reglamento de este Tribunal dispone lo siguiente: "… [t]odo(a) abogado(a) tendrá la obligación de notificar al (a la) Secretario(a) cualquier cambio de dirección postal o física".  Véase 4 L.P.R.A. Ap. XX-A, R. 9(j).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

AB-2005-0134

David Rosado Cruz

SENTENCIA

San Juan, Puerto Rico, a 2 de octubre de 2009.

Por los fundamentos antes expuestos, en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, decretamos la separación inmediata e indefinida de la profesión de la abogacía al Sr. David Rosado Cruz. Le apercibimos a éste su obligación de notificar a todos sus clientes su inhabilidad para poder seguir representándolos e informar oportunamente su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de certificarnos dentro de un término de treinta (30) días a partir de su notificación, el cumplimiento de estos deberes.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. La Jueza Asociada señora Rodríguez Rodríguez no intervino.

Juliana Mosquera Soler
Secretaria del Tribunal Supremo, Interina