per curiam:
En el presente recurso disciplinario nos encontramos ante la desatención y el incumplimiento del Ledo. David Rosado Cruz(1) a las órdenes de este Tribunal. Estas órdenes y requerimientos surgen de dos quejas disciplinarias presentadas contra el licenciado Rosado Cruz por su alegada conducta profesional, violatoria de los cánones de ética que regulan la profesión de la abogacía.
i—I
El 23 de octubre de 2008, el Sr. David Jiménez González y su esposa, la Sr. Judith Ortiz Santiago, presentaron una queja contra el licenciado Rosado Cruz. Los quejosos alegaron que el licenciado Rosado Cruz los representó de forma negligente e incompetente. Específicamente, alegaron que la reclamación judicial instada por ellos fue desestimada como consecuencia del pobre desempeño profesional del licenciado Rosado Cruz.
Debido a ello, el señor Jiménez González y su esposa, la señora Ortiz Santiago, acudieron ante el Ledo. Jorge Couto González para que los asesorara sobre los efectos y las consecuencias de la sentencia desestimatoria e intentara contactar al licenciado Rosado Cruz. El licenciado Couto González le envió varias cartas por correo y trató de contactar *1014 por teléfono al licenciado Rosado Cruz. Las referidas gestiones resultaron infructuosas.(2) Muestra de ello es que todas las cartas fueron devueltas.
El 6 de noviembre de 2008 este Tribunal emitió una Resolución ordenándole al licenciado Rosado Cruz que contestara la queja disciplinaria presentada en su contra dentro de un término de diez días.(3) El licenciado Rosado Cruz hizo caso omiso a la referida Resolución. El 30 de junio de 2009 emitimos otra Resolución, concediéndole al licenciado Rosado Cruz un término final de cinco días para que contestara la queja disciplinaria y, además, le apercibimos que de continuar con su incumplimiento le impondríamos sanciones disciplinarias. La Resolución fue diligenciada personalmente por dos alguaciles, quienes emitieron un informe de diligenciamiento negativo.
Por su parte, el 1 de diciembre de 2008, el Sr. Luis Rodríguez Maldonado presentó una queja disciplinaria contra el licenciado Rosado Cruz. El señor Rodríguez Maldonado alegó que contrató los servicios del licenciado Rosado Cruz y le entregó $2,300 como adelanto. Luego, supuestamente, el licenciado Rosado Cruz no le contestó las llamadas, los mensajes ni la carta enviada el 1 de septiembre de 2008.
Analizada la queja presentada por el señor Rodríguez Maldonado, el 20 de enero de 2009 emitimos una Resolución en la que concedimos al licenciado Rosado Cruz un término de diez días para que contestara la queja disciplinaria presentada en su contra.(4) El licenciado Rosado Cruz incumplió con nuestra orden y no contestó la referida queja. El 10 de marzo de 2009 concedimos al licenciado Rosado Cruz un término adicional de cinco días para que cumpliera con lo ordenado pero, nuevamente, el licenciado *1015 Rosado Cruz demostró su desidia y contumacia, y continuó incumpliendo con nuestras órdenes de forma obstinada.
No obstante, el 30 de junio de 2009 concedimos de nuevo al licenciado Rosado Cruz un término adicional de cinco días para que procediera a contestar la queja presentada en su contra por el señor Rodríguez González. Igualmente, le apercibimos que de continuar incumpliendo con nuestras órdenes le podríamos imponer sanciones severas, incluso una suspensión indefinida de la profesión de la abogacía. Dicha Resolución fue diligenciada personalmente por nuestros alguaciles. Nuevamente, el informe de diligenciamiento resultó negativo.
i—I HH
Hemos sido enfáticos en que la naturaleza pública de la profesión de la abogacía impone a todo abogado la más rigurosa observancia a los requerimientos relacionados con las investigaciones disciplinarias.(5) Es obligación de todo abogado responder diligentemente a los requerimientos relacionados con un procedimiento disciplinario seguido en su contra, no importa si los requerimientos son realizados por el Colegio de Abogados, por el Procurador General o, como en el caso ante nos, por este Tribunal.(6)
El ignorar las órdenes de este Tribunal conlleva la imposición de sanciones disciplinarias severas, ello por tratarse de una conducta que contraviene las normas éticas que regulan la profesión de la abogacía.(7) Además, la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Etica Profesional en lo referente a la exigencia de respeto hacia los tribunales.(8)
*1016 Este Tribunal es sumamente estricto con los abogados que ignoran nuestras órdenes. La testarudez y contumacia al no contestar nuestros requerimientos no será tolerada.(9) El incumplir con nuestras órdenes dentro de un procedimiento disciplinario constituye una falta ética distinta e independiente de los méritos de la queja o quejas disciplinarias ya presentadas.(10) No responder diligentemente nuestras órdenes o nuestros requerimientos constituye “una falta de respeto hacia los procedimientos de este Tribunal y socava nuestra función reguladora de la profesión” de la abogacía.(11)
HH I M
El reiterado incumplimiento de nuestras órdenes por parte del licenciado Rosado Cruz constituye de por sí causa suficiente para tomar medidas disciplinarias en su contra. La negligencia y desidia demostradas por el licenciado Rosado Cruz es una conducta altamente reprochable e impropia que viola las más elementales normas éticas, además de ser una falta de respeto intolerable por este Tribunal.
El que el licenciado Rosado Cruz no haya contestado nuestras órdenes por no haber notificado ante este Tribunal su cambio de dirección física o postal no lo exime de lo antes expuesto. Esto es así por ser una obligación de todo abogado notificar a este Tribunal cualquier cambio de dirección, ya sea postal o física.(12) La profesión de la abogacía y la confianza pública depositada en ésta, obligan a los abogados a cumplir con el deber de notificar cualquier cambio de dirección. De esta forma, este Tribunal puede ejercer cabal y eficientemente nuestra función disciplinaria. Hemos expresado que la omisión del abogado de man *1017 tener informado en todo momento a este Tribunal de su dirección, tanto postal como física, obstruye de forma sustancial la adecuada canalización del ejercicio de nuestra jurisdicción disciplinaria. Al igual que la falta de no contestar nuestros requerimientos, el incumplimiento en notificar un cambio de dirección es causa suficiente e independiente de los méritos de la queja presentada en su contra para decretar una sanción disciplinaria.(13)
IV
Por los fundamentos antes expuestos, decretamos la separación inmediata e indefinida del señor Rosado Cruz de la profesión de la abogacía. Le apercibimos su obligación de notificar a todos sus clientes de su inhabilidad para poder seguir representándolos y de informar oportunamente su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de certificarnos, dentro de un término de treinta días a partir de su notificación, el cumplimiento de estos deberes.

Se dictará sentencia de conformidad.

La Jueza Asociada Señora Rodríguez Rodríguez no intervino.

 El licenciado Rosado Cruz fue admitido al ejercicio de la abogacía el 15 de enero de 1991. Este Tribunal tomó conocimiento de que el licenciado Rosado Cruz no ha sido admitido al ejercicio de la notaría. De igual forma, tomamos conocimiento de que el licenciado Rosado Cruz ha sido sancionado por este Tribunal en dos ocasiones.

 Las cartas fueron enviadas por correo a la dirección del licenciado Rosado Cruz que obra en el expediente judicial de la reclamación instada por el señor Jiménez González y la señora Ortiz Santiago.

 La Resolución fue enviada por correo certificado a la dirección del licenciado Rosado Cruz que obra en el Registro Único de Abogados y Abogadas de Puerto Rico. Esta carta fue devuelta por el correo.

 Nuevamente, esta Resolución fue enviada a la dirección postal del licenciado Rosado Cruz que obra en el Registro Único de Abogados y Abogadas de Puerto Rico.

 In re Ramírez Ferrer, 164 D.P.R. 744 (2005); In re Pérez Brasa, 155 D.P.R. 813 (2001).

 In re Cuevas Vélez, 157 D.P.R. 129 (2002); In re Vázquez Santiago, 155 D.P.R. 926 (2001); In re Izquierdo, 126 D.P.R. 202, 205 (1990).

 In re Ramírez Ferrer, supra; In re Vargas Soto, 146 D.P.R. 55 (1998).

 4 L.P.R.A. Ap. DC; In re Vargas Soto, supra.

 In re Santiago Méndez, 129 D.P.R. 696 (1991).

 In re Ramírez Ferrer, supra; In re Vázquez Santiago, supra; In re Vargas Soto, supra.

 In re Velázquez Quiles, 146 D.P.R. 30, 37 (1998).

 In re Figueroa Carrasquillo, 153 D.P.R. 132 (2001).

 In re Sanabria Ortiz, 156 D.P.R. 346 (2002). La Regla 9(j) del Reglamento de este Tribunal dispone, en lo pertinente, lo siguiente: “Todo(a) abogado(a) tendrá la obligación de notificar al (a la) Secretario(a) cualquier cambio de dirección postal o física.” 4 L.P.R.A. Ap. XXI-A.