

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Ramón Delgado Rodríguez | 2010 TSPR 79 <br><br> 178 DPR _____ |

Número del Caso: TS-8315

Fecha: 30 de marzo de 2010

Materia: Conducta Profesional
        (La suspensión será efectiva el 4 de mayo de 2010,
         Fecha en que se notificó suspensión Inmediata
         del abogado).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ramón Delgado Rodríguez          TS-8315

PER CURIAM

San Juan, Puerto Rico, a 30 de marzo de 2010.

Nuevamente nos vemos obligados a ejercer nuestra función disciplinaria ante crasas violaciones a los Cánones de Ética Profesional.[1] Ello, por el referido de una Sentencia emitida por el Tribunal Federal de Distrito para el Distrito de Puerto Rico. En dicha Sentencia se condenó por un delito grave al Lcdo. Ramón Delgado Rodríguez.[2]

A continuación las actuaciones que activan nuestra jurisdicción disciplinaria.

---

[1] 4 L.P.R.A. Ap. IX, C. 1 *et seq.*

[2] El licenciado Delgado Rodríguez fue admitido a la práctica de la abogacía por este Tribunal el 13 de agosto de 1986 y a la notaría el 9 de septiembre de 1986.

I

El licenciado Delgado Rodríguez era el representante legal del Sr. Roberto Ramos González en un caso que se ventilaba ante el Tribunal Federal de Distrito para el Distrito de Puerto Rico.[3] Mientras se dilucidaba el caso, el licenciado Delgado Rodríguez le solicitó a un tercero que le ofreciera $12,000.00 a un testigo de fiscalía para que cambiara su declaración.

Por lo anterior, el 5 de febrero de 2008, se presentó un pliego acusatorio en contra del licenciado Delgado Rodríguez y del señor Ramos González. Luego de varios trámites procesales de rigor, cuya narración es innecesaria para fines de este procedimiento disciplinario, el licenciado Delgado Rodríguez se declaró culpable del delito de manipulación de testigos.[4] Por ello, el 28 de agosto de 2009, el foro federal emitió Sentencia condenando al licenciado Delgado Rodríguez a cumplir una pena privativa de libertad de setenta (70) meses en prisión y luego cumplir tres (3) años en libertad condicionada.

El 13 de noviembre de 2009, el Tribunal Federal de Distrito para el Distrito de Puerto Rico nos refirió la aludida Sentencia y el 11 de diciembre de 2009 emitimos

---

[3] En dicho caso el señor Ramos González, mejor conocido como "Robert Belleza", estaba acusado por delitos de narcotráfico.

[4] 18 U.S.C. §1512(b)(1) (k).

una Resolución ordenándole al licenciado Delgado Rodríguez que nos demostrara, dentro de un término de veinte (20) días, por qué no debía ser suspendido del ejercicio de la profesión de la abogacía. Ello, por su convicción por delito grave en la jurisdicción federal. No obstante, el licenciado Delgado Rodríguez no contestó nuestro requerimiento.[5]

## II

Ponderados los hechos procedemos a resolver el presente asunto disciplinario. Veamos.

### A.

Es causa suficiente para ejercer nuestra función disciplinaria el que un abogado sea encontrado incurso o se declare culpable de un delito en conexión con el ejercicio de su profesión.[6] Por ello, en lo pertinente a este recurso disciplinario, podemos colegir que es altamente reprochable el que un abogado produzca o trate de producir prueba falsa ante un tribunal.[7] "La intervención indebida por un abogado[. . .]con sus testigos o los de la parte contraria es intolerable."[8] De igual forma, los abogados tienen que "abstenerse de

---

[5] La Resolución emitida por este Tribunal le fue enviada al licenciado Delgado Rodríguez al "Federal Correction Institution P.O. Box 1000, Morgan Town, West Virginia 26507", en donde se encontraba confinado.

[6] *In re: Manzano Velázquez*, 144 D.P.R. 84 (1997).

[7] 4. L.P.R.A. Ap. IX, C. 5.

[8] *Íd.*

brindar, ofrecer u otorgar beneficios a un testigo".[9] Además, el abogado o abogada tiene el deber de velar porque ninguna otra persona incumpla con lo antes expuesto.[10]

Un abogado no puede, en la defensa de su cliente, violar las leyes o cometer algún engaño.[11] La conducta de los abogados ante los tribunales y ante los compañeros de la profesión debe ser sincera y honrada.[12] "No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir [o tratar de inducir] al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho". "[T]odo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honrable".[13]

**B.**

De otra parte, el incumplimiento de nuestras órdenes por parte de los abogados conlleva la imposición de sanciones severas. Ello, por tratarse de una conducta que contraviene las más elementales normas éticas que regulan la profesión de la abogacía.[14] La desatención a las

---

[9] 4 L.P.R.A. Ap. IX, C. 15. Véase, *In re: Rodríguez Torres*, 104 D.P.R. 748 (1976); *In re: Pagán Colón*, 100 D.P.R. 223 (1971).

[10] *Íd.*

[11] 4 L.P.R.A. Ap. IX, C. 18.

[12] 4 L.P.R.A. Ap. IX, C. 35.

[13] 4 L.P.R.A. Ap. IX, C. 38.

[14] *In re: Ramírez Ferrer*, 164 D.P.R. 744 (2005); *In re: Vargas Soto*, 146 D.P.R. 55 (1988).

órdenes de este Tribunal constituye una clara violación al Canon 9 del Código de Ética Profesional, en lo referente a la exigencia de respeto hacia los tribunales.[15] La testarudez y la contumacia al no contestar nuestros requerimientos no será tolerada.[16] El no responder diligentemente nuestras órdenes o requerimientos constituye "una falta de respeto hacia los procedimientos de este Tribunal y socava nuestra función reguladora de la profesión".[17]

## C.

El incumplimiento de nuestra Orden por parte del licenciado Delgado Rodríguez, por sí mismo, constituye causa suficiente para tomar medidas disciplinarias en su contra. No obstante, lo que nos obliga a pautar una drástica sanción disciplinaria en contra del licenciado Delgado Rodríguez es que sus actuaciones son altamente reprochables. El licenciado Delgado Rodríguez violó las más elementales normas éticas. El delito de manipulación de testigos es un delito totalmente revestido de **depravación moral**.[18] Tal depravación moral imposibilita al

---

[15] 4 L.P.R.A. Ap. IX, C. 9; *In re: Vargas Soto*, *supra*.

[16] *In re: Santiago Méndez*, 129 D.P.R. 696 (1991).

[17] *In re: Velázquez Quiles*, 146 D.P.R. 30 (1998).

[18] En cuanto a lo que constituye depravación moral, hemos expresado que "tratándose de abogados, consiste[. . .]en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral[. . .]En general la consideramos como un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida

señor Delgado Rodríguez a ejercer la profesión de la abogacía. La conducta desplegada por el señor Delgado Rodríguez constituye una falta intolerable hacia nuestra profesión, a la confianza pública depositada en ésta y a este Tribunal. Además, su desidia al desatender nuestra Orden demuestra que el señor Delgado Rodríguez no interesa practicar la profesión de la abogacía.

### III

Considerando la gravedad de los actos incurridos por el señor Delgado Rodríguez y de nuestra obligación de mantener la fe del Pueblo en la justicia a los más altos niveles de responsabilidad pública, decretamos la separación inmediata e indefinida de la profesión de la abogacía y de la notaría al señor Delgado Rodríguez. Ello, por violar los cánones 5, 7, 9, 18, 35 y 38 del Código de Ética Profesional, *supra*.

Ordenamos que su nombre sea eliminado del registro de abogados y de notarios. Le apercibimos de su obligación de informar a todos sus clientes de su inhabilidad para representarlos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar, oportunamente, su desaforo a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de certificarnos dentro de un término de treinta (30) días, a partir de su notificación, el cumplimiento de estos deberes.

---

humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en su consecuencias. *In re García Quintero*, 138 D.P.R. 669, 671 (1995). El presente caso es un ejemplo claro de lo que constituye depravación moral.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautar el sello y la obra notarial del señor Delgado Rodríguez. Luego se hará entrega de la misma a la Oficina de Inspección de Notarías para su examen e informe correspondiente a este Tribunal.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


                                        TS-8315

Ramón Delgado Rodríguez




                        SENTENCIA


        San Juan, Puerto Rico, a 30 de marzo de 2010.


        Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, decretamos la separación inmediata e indefinida de la profesión de la abogacía y de la notaría al Sr. Ramón Delgado Rodríguez. Ordenamos que su nombre sea eliminado del registro de abogados y de notarios. Le apercibimos de su obligación de informar a todos sus clientes de su inhabilidad para representarlos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar, oportunamente, su desaforo a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de certificarnos dentro de un término de treinta (30) días, a partir de su notificación, el cumplimiento de estos deberes.

        La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautar el sello y la obra notarial del señor Delgado Rodríguez. Luego se hará entrega de la misma a la Oficina de Inspección de Notarías para su examen e informe correspondiente a este Tribunal.

Notifíquese personalmente al querellado con copia de la Opinión *Per Curiam* que antecede y de esta Sentencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.


                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo