EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2010 TSPR 209 |
| | 179 DPR \_\_\_\_ |
| Roberto Torres Viera | |

Número del Caso: TS-9143

Fecha: 17 de septiembre de 2010

Oficina de Inspección de Notarías:

  Lcda. Lourdes Quintana Llorens

Materia: Conducta Profesional

(La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto Torres Viera                    TS-9143

PER CURIAM

San Juan, Puerto Rico, a 17 de septiembre de 2010.

De nuevo tenemos que suspender a un miembro de la profesión por incumplir con los requerimientos de este Tribunal sobre un procedimiento disciplinario iniciado en su contra. Por las razones que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Roberto Torres Viera del ejercicio de la abogacía.

I.

El licenciado Torres Viera fue admitido al ejercicio de la abogacía en el 1989 y al notariado en el 1990. El 20 de febrero de 2007, mediante Opinión *Per Curiam*, suspendimos al

licenciado Torres Viera del ejercicio de la abogacía por un término de dos meses. Esto, por violaciones a los Cánones 21 y 38 del Código de Ética Profesional. 4 L.P.R.A. Ap. IX, C. 21 y C. 38. No obstante, ante una oportuna solicitud, reinstalamos al abogado al ejercicio de la abogacía, mas no al de la notaría.

Posteriormente, el 9 de septiembre de 2008 la Directora de la Oficina de Inspección de Notarías (O.D.I.N.) presentó ante este Foro un informe sobre el estado de obra notarial del licenciado Torres Viera en el cual se señalaron múltiples deficiencias. Por esta razón, mediante Resolución emitida el 23 de septiembre de 2008 le concedimos al licenciado Torres Viera un término de veinte días para que se expresara sobre el referido informe. El 7 de noviembre de ese mismo año el licenciado Torres Viera nos solicitó que le concediéramos una prórroga de sesenta días para contestar el informe. Así, mediante Resolución del 17 de noviembre de 2008 le concedimos cuarenta y cinco días adicionales para que cumpliera con los requerimientos de este Tribunal.

Ante el incumplimiento de parte del licenciado Torres Viera con este último término, mediante Resolución del 17 de abril de 2009 le informamos que se le concedía un término final e improrrogable de treinta días para contestar el informe de O.D.I.N. Por esta razón, el 1 de julio de 2009 el abogado compareció ante este Foro y nos informó que le concediéramos cuarenta y cinco días para llevar a cabo un plan de trabajo con el correspondiente Inspector de Notaría

para corregir las deficiencias encontradas. Asimismo, mediante Resolución del 9 de julio de ese mismo año le concedimos al abogado treinta días adicionales para que cumpliera con lo requerido en la Resolución del 23 de septiembre de 2008. Asimismo, el 10 de julio de 2009 la Directora de la O.D.I.N. nos informó sobre el plan de corrección de deficiencias que dicha oficina y el licenciado Torres Viera habían acordado.

A base de este informe, el 3 de agosto de 2009 le concedimos treinta días adicionales al licenciado Torres Viera para que cumpliera con lo ordenado en la referida Resolución del 23 de septiembre de 2008. El licenciado Torres Viera, sin embargo, mediante una moción de prórroga del 15 de enero de 2010, nos solicitó una última prórroga de cuarenta y cinco días para terminar de corregir las deficiencias en su obra notarial. Examinada dicha solicitud, mediante Resolución del 28 de enero de este año acordamos concederle al abogado un término final e improrrogable de veinte días para cumplir con los requerimientos de este Tribunal. No obstante, el licenciado Torres Viera nos solicitó otra prórroga de cuarenta y cinco días el 5 de marzo de 2010. La razón esbozada para justificar estas solicitudes de prórrogas fue la precaria condición de salud del abogado.

Por todo lo anterior, el 23 de abril de 2010 le concedimos a la O.D.I.N. un término de treinta días para que informara cómo se encontraba el proceso de subsanación de las deficiencias halladas en la obra notarial del abogado de

epígrafe. Por tal razón, el 20 de mayo de este año compareció ante nos la Directora de O.D.I.N. e informó que todavía la obra notarial del licenciado Torres Viera adolece de varias deficiencias. Por ende, mediante Resolución del 11 de junio de 2010 le concedimos al abogado un término final e improrrogable de treinta días para cumplir con lo ordenado en la Resolución del 23 de septiembre de 2008. El licenciado Torres Viera, sin embargo, ni ha subsanado las deficiencias en su obra ni ha comparecido ante este Foro.

Debido a que el abogado no ha cumplido con dicho requerimiento, procede ser suspendido inmediata e indefinidamente del ejercicio de la abogacía.

## II.

Como es sabido, todo abogado tiene el deber y la obligación de responder diligentemente a los requerimientos y órdenes de este Tribunal, particularmente aquellos relacionados con procedimientos disciplinarios sobre su conducta profesional. *In re* López de Victoria Bras, res. el 27 de enero de 2010, 2010 T.S.P.R. 18; *In re* Tió Fernández, res. el 14 de abril de 2010, 2010 T.S.P.R. 94. Como hemos señalado reiteradamente, la naturaleza pública de la profesión de la abogacía le impone a todo letrado la más rigurosa observancia sobre los requerimientos relaciones con investigaciones disciplinarias. *In re* Ángel Morales Rodríguez, res. el 19 de agosto de 2010, 2010 T.S.P.R. 188; *In re* Pérez Brasa, 155 D.P.R. 813 (2001).

Asimismo, hemos expresado que el ignorar las órdenes de este Tribunal de por sí conlleva la imposición de sanciones disciplinarias severas. *In re* Rosado Cruz, res. el 2 de octubre de 2009, 2009 T.S.P.R. 174. Esto, pues tal proceder contraviene las normas éticas que regulan la profesión de la abogacía. *In re* Rosado Cruz, supra; *In re* Ramírez de Ferrer, 164 D.P.R. 744 (2005). Así, la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C.9, respecto a la exigencia de respeto hacia los tribunales. *In re* Vargas Soto, 146 D.P.R. 55 (1988).

No obstante, constantemente nos enfrentamos a un sinnúmero de abogados y abogadas que incumplen las órdenes de este Tribunal y de los organismos a los cuales hemos encomendado la tarea de investigar posibles violaciones a las normas que rigen la profesión. Es por ello que hemos resuelto que esa "actitud de indiferencia y menosprecio a la autoridad del Tribunal Supremo merecen sus suspensión indefinida". *In re* Pagán Ayala, 130 D.P.R. 678, 683 (1992).

### III.

En el caso de autos nos enfrentamos nuevamente a un abogado que desatiende nuestros requerimientos. En particular, el licenciado Torres Vieras no ha cumplido con el requerimiento que este Tribunal le ordenó en la Resolución del 11 de junio de 2010 de que, a su vez, cumpliera con lo ordenado en la Resolución del 23 de septiembre de 2008 emitida por este Foro. Por las razones mencionadas

anteriormente, procede su suspensión inmediata e indefinida del ejercicio de la abogacía.

El licenciado Torres Viera notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, el cumplimiento con lo antes ordenado.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Roberto Torres Viera                    TS-9143




SENTENCIA

San Juan, Puerto Rico, a 17 de septiembre de 2010.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente del ejercicio de la abogacía al Lcdo. Roberto Torres Viera.

El licenciado Torres Viera notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, el cumplimiento con lo antes ordenado.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo