EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re: <br><br> Ángel L. Morales Rodríguez | 2010 TSPR 188 <br><br> 179 DPR _____ |

Número del Caso: TS-7575

Fecha: 19 de agosto de 2010

Oficina de Inspección de Notarías:

     Lcda. Lourdes Quintana LLorens
     Directora

Materia: Conducta Profesional
(La suspensión será efectiva el 24 de agosto de 2010, fecha en que se le notificó al abogado de su suspensión inmediata e indefinida.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

TS-7575

Ángel L. Morales Rodríguez

PER CURIAM

San Juan, Puerto Rico, a 19 de agosto de 2010.

Nuevamente nos vemos forzados a suspender indefinidamente un abogado de la práctica notarial por incumplir con nuestras órdenes y la Regla 9(j) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A, R.9(j).

I

El Lcdo. Ángel L. Morales Rodríguez fue admitido al ejercicio de la abogacía el 30 de noviembre de 1982, y el 17 de enero de 1983 al ejercicio de la notaría. El 30 de diciembre de 2010, la Lcda. Lourdes I. Quintana Lloréns, Directora de la Oficina de Inspección de

Notarías, presentó un informe sobre la obra notarial del licenciado Morales Rodríguez. En ese informe, la licenciada Quintana Lloréns nos indicó que la obra notarial del licenciado Morales Rodríguez para los años 1988, 1989, y 1992 al 1995, había sido inspeccionada conforme a la resolución que emitimos el 11 de octubre de 2002. Añadió que la inspección realizada reveló que el licenciado Morales Rodríguez adeuda la suma de $2,866.00 por concepto de aranceles en sus protocolos y Registro de Testimonios, y que las gestiones realizadas para lograr que las deficiencias pendientes fuesen corregidas han sido infructuosas.

Visto el informe presentado por la licenciada Quintana Lloréns, el 29 de enero de 2010 emitimos una resolución. En ella, le concedimos al licenciado Morales Rodríguez un término de veinte (20) días para que subsanara las deficiencias encontradas en su obra notarial y le apercibimos que su incumplimiento con los términos de la resolución conllevaría su suspensión automática del ejercicio de la abogacía.

El 11 de febrero 2010, el Sr. Edgardo Vargas Santana, alguacil de este Tribunal, diligenció personalmente la resolución antes descrita. Dicho diligenciamiento fue devuelto como negativo, pues el licenciado Morales Rodríguez ya no residía en la dirección suministrada por la

Secretaría de este Tribunal. Además, sus números telefónicos estaban fuera de servicio.

Posteriormente, el 19 de mayo de 2010, la licenciada Quintana Lloréns presentó un segundo informe sobre la obra notarial del licenciado Morales Rodríguez. En dicho informe la licenciada Quintana Lloréns nos expresó que la obra notarial del licenciado Morales Rodríguez aún permanece en las mismas condiciones antes descritas y que éste no se ha comunicado de manera alguna con la Oficina de Inspección de Notarías para corregir las deficiencias identificadas.

II

Todo abogado admitido a practicar la profesión tiene el deber ineludible de responder con premura y diligencia los requerimientos que le hace el Tribunal General de Justicia. In re Tió Fernández, res. el 14 de abril de 2010, 2010 T.S.P.R. 94; In re Cubero Feliciano I, res. el 7 de abril de 2009, 2009 T.S.P.R. 81. Cónsono con lo anterior, en múltiples ocasiones hemos enfatizado que la naturaleza pública de la profesión de la abogacía le impone a todo abogado la más rigurosa observancia a los requerimientos relacionados con investigaciones disciplinarias. In re Rosado Cruz, res. el 2 de octubre de 2009, 2009 T.S.P.R. 174; In re: Ramírez Ferrer, 164 D.P.R. 744 (2005); In re: Pérez Brasa, 155 D.P.R. 813 (2001). "Es obligación de todo abogado responder diligentemente los

requerimientos relacionados a un procedimiento disciplinario seguido en su contra". *In re Rosado Cruz*, *supra*. Ello, sin importar que los requerimientos sean realizados por el Procurador General o, como en el caso ante nos, por este Tribunal. *In re Rosado Cruz*, *supra*; *In re: Cuevas Vélez*, 157 D.P.R. 129 (2002); *In re: Vázquez Santiago*, 155 D.P.R. 926 (2001); *In re: Izquierdo*, 126 D.P.R. 202, 205 (1990).

Además, hemos reiterado que "ignorar las órdenes de este Tribunal conlleva la imposición de sanciones disciplinarias severas". *In re Rosado Cruz*, *supra*. "Ello [ocurre] por tratarse de una conducta que contraviene con las normas éticas que regulan la profesión de la abogacía". *In re Rosado Cruz*, *supra*; *In re: Ramírez Ferrer*, *supra*; *In re: Vargas Soto*, 146 D.P.R. 55 (1988). Aun más, la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C.9, en cuanto la exigencia de respeto hacia los tribunales, *In re Rosado Cruz*, *supra*; *In re: Vargas Soto*, *supra*, como también constituye una falta ética distinta e independiente de los méritos de la queja o quejas disciplinarias ya presentadas. *In re Rosado Cruz*, *supra*; *In re: Ramírez Ferrer*, *supra*; *In re: Vázquez Santiago*, *supra*; *In re: Vargas Soto*, *supra*.

De igual forma, en innumerables ocasiones hemos sido enfáticos en la importancia del deber de todo abogado de

mantener informado al Tribunal sobre sus direcciones e información personal requerida. *In re Tió Fernández*, *supra*; *In re Sanabria Ortiz*, 156 D.P.R. 345 (2002). Por ello, "cualquier cambio en la dirección del abogado debe ser notificado de inmediato a este Tribunal. El abogado que no cumpla con este deber falta a los deberes más elementales de la profesión. *In re Tió Fernández*, *supra*; *In re Sanabria Ortiz*, *supra*; Regla 9(j) de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, R.9(j).

## III

Luego de evaluar el expediente, nos resulta forzoso concluir que el licenciado Morales Rodríguez no ha cumplido a cabalidad con los deberes éticos antes mencionados. Aparte de no haber contestado nuestros requerimientos, el licenciado Morales Rodríguez cambió su dirección y aún no ha actualizado su información en nuestra Secretaría. Por ello, y porque la conducta del licenciado Morales Rodríguez para con este Tribunal ha sido una negligente, contumaz e intolerable, "suficiente para tomar medidas disciplinarias en su contra", *In re Rosado Cruz*, *supra*, lo suspendemos indefinidamente de la práctica de la abogacía y notaría, según le apercibimos en nuestra Resolución de 29 de enero de 2010.

## IV

Por los fundamentos antes expuestos, decretamos la separación inmediata e indefinida de la profesión de la

abogacía y notaría al señor Morales Rodríguez. Le apercibimos que debe notificarle a todos sus clientes, como también a los foros judiciales y administrativos de Puerto Rico en donde actualmente practica la abogacía, sobre su inhabilidad para poder seguir ejerciendo la profesión. Además, dentro de un término de treinta (30) días a partir de su notificación, el señor Morales Rodríguez tiene la obligación de certificarnos el cumplimiento de estos deberes.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


                                      TS-7575
Ángel L. Morales Rodríguez




                       SENTENCIA

En San Juan, Puerto Rico, a 19 de agosto de 2010.

     Por los fundamentos antes expuestos, en la Opinión Per
Curiam que antecede, la cual se hace formar parte
integrante de la presente Sentencia, decretamos la
separación inmediata e indefinida de la profesión de la
abogacía y notaría al señor Morales Rodríguez. Le
apercibimos que debe notificarle a todos sus clientes, como
también a los foros judiciales y administrativos de Puerto
Rico en donde actualmente practica la abogacía, sobre su
inhabilidad para poder seguir ejerciendo la profesión.
Además, dentro de un término de treinta (30) días a partir
de su notificación, el señor Morales Rodríguez tiene la
obligación de certificarnos el cumplimiento de estos
deberes.

     Lo acordó y manda el Tribunal y certifica la
Secretaria del Tribunal.



                     Aida Ileana Oquendo Graulau
                     Secretaria del Tribunal Supremo