per curiam:
Nuevamente nos vemos en la situación de tener que suspender a un abogado inmediata e indefinida-mente del ejercicio de la profesión por incumplir con los *406 requerimientos de este Tribunal, como parte de un proceso disciplinario en su contra. Por los fundamentos que abor-damos a continuación, ordenamos la suspensión inmediata e indefinida del Ledo. Víctor Rojas Rojas.
I
El licenciado Víctor Rojas Rojas fue admitido al ejercicio de la abogacía el 13 de julio de 2004.
El 29 de septiembre de 2011, se presentó ante nos una queja disciplinaria contra el abogado de epígrafe por parte de un cliente que alegó haber intentado infructuosamente establecer comunicación con él. El propósito de la comuni-cación era solicitarle que le devolviera el expediente de los documentos relacionados a un caso para el cual lo había contratado. La Secretaría de este Tribunal envió copia de la queja al licenciado Rojas Rojas el 11 de octubre de 2011, concediéndole un término de 10 días para contestarla. Ese envío se dirigió mediante correo certificado a la dirección que obraba en nuestro Registro.
El envío fue devuelto por el Servicio Postal con la nota “Attempted-Not Known”. En consecuencia, nuestra Secre-taría realizó una segunda notificación a esa misma direc-ción mediante correo certificado, el 19 de octubre de 2011. Esa segunda notificación fue devuelta por “Insufficient Address”.
Así las cosas, emitimos una resolución que fue notifi-cada personalmente al licenciado Rojas Rojas, por conducto de un Alguacil Auxiliar de este Tribunal, el 10 de enero de 2012. En ella, detallamos los esfuerzos realizados hasta ese momento para comunicarle la queja y concederle un término para que se expresara. Asimismo, se le informó que ambas comunicaciones habían sido enviadas a la direc-ción que surge del Registro Unico de Abogados. Además, en la resolución se le apercibió de que se le concedía un tér- *407 mino final e improrrogable de 10 días para que contestara la queja en su contra. Finalmente, se le apercibió de que su incumplimiento con esa resolución podría conllevar sancio-nes disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.
El mismo día que le fue notificada la Resolución, el abo-gado de epígrafe acudió a la Secretaría de este Tribunal y solicitó actualizar su dirección en nuestro Registro. Para ello, ofreció una dirección distinta a la cual se habían en-viado las referidas notificaciones, infructuosamente.
No obstante, el licenciado Rojas Rojas nunca compareció a contestar la queja. Aún no ha cumplido con el requeri-miento de nuestra Resolución.
II
Los abogados deben cumplir rigurosamente con nuestros requerimientos y responder de forma diligente y oportuna a los señalamientos que se le hacen. In re Rivera Rosado, 180 D.P.R. 698 (2011); In re Santiago Méndez, 174 D.P.R. 823 (2008). Hemos reiterado que la diligencia de los abogados al atender nuestros requerimientos cobra mayor trascendencia cuando se trata de un proceso disciplinario. In re Rivera Rosado, supra; In re Fiel Martínez, 180 D.P.R. 426 (2010).
Así las cosas, cuando un abogado incumple con nuestros requerimientos e ignora nuestro apercibimiento de sanciones disciplinarias —incluyendo, como en este caso, el apercibimiento de que su falta de diligencia puede causar que se le suspenda de la profesión— corresponde que lo separemos inmediatamente de esta. In re Fiel Martínez, supra; In re Morales Rodríguez, 179 D.P.R. 766 (2010); In re Reyes, Rovira, 139 D.P.R. 42 (1995). Por ello, hemos expresado que los abogados están obligados a cumplir con nuestros requerimientos aunque la acción discipli- *408 naria que se ha iniciado mediante queja sea inmeritoria, íd. Véase, además, In re García Vallés, 172 D.P.R. Ap. (2007).
Cabe recordar que incumplir con los requerimientos y órdenes de este Tribunal es, a su vez, una violación ética independiente. Véanse: In re Fiel Martínez, supra; Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Dicho canon exige respeto hacia los tribunales por parte de los funcionarios del Tribunal que son admitidos a la profesión. Por lo tanto, no podemos tomar livianamente el incumpli-miento con nuestro trámite disciplinario.
En esta ocasión, cabe recordar nuevamente a los abogados de su deber de notificar inmediatamente a este Tribunal cualquier cambio en su dirección postal o física. In re Morales Rodríguez, supra; In re Serrallés III, 119 D.P.R. 494, 495 (1987); Regla 9(j) del Reglamento del Tribunal Supremo en In re Reglamento Tribunal Supremo, 183 D.P.R. 386 (2011), aprobado el 22 de noviembre de 2011. De hecho, esa regla impone los mismos requisitos que la Regla 9(j) de nuestro Reglamento anterior. Véase 4 L.P.R.A. Ap. XXI-A, R. 9. Por ello, el 3 de junio de 2010, emitimos una resolución mediante la cual ordenamos a to-dos los abogados a que revisaran y actualizaran sus direcciones en dicho Registro. Cuando un abogado ignora su obligación de mantener al día ese Registro dificulta nuestra labor disciplinaria.
III
En este caso, nos encontramos una vez más con un abo-gado que ignora nuestros requerimientos disciplinarios. El licenciado Rojas Rojas recibió personalmente, el 10 de enero de 2012, por medio de un Alguacil Auxiliar de este Tribunal, la Resolución en la que le apercibimos sobre las consecuencias disciplinarias que conllevaría no responder *409 a la queja que nuestra Secretaría intentó remitirle en dos ocasiones anteriores.
A pesar de que el licenciado Rojas Rojas acudió ante nos a realizar un cambio de dirección en el Registro de Aboga-dos, aún no ha cumplido con la resolución antes mencionada.
IV
Por los fundamentos que anteceden, se suspende inme-diata e indefinidamente al Ledo. Víctor Rojas Rojas del ejercicio de la abogacía. Asimismo, se le apercibe al abo-gado de epígrafe que en el futuro deberá cumplir cabal-mente con el ordenamiento que rige el desempeño de la pro-fesión jurídica y, en específico, con nuestros requerimientos y órdenes.

El licenciado Rojas Rojas notificará a sus clientes que por motivo de la suspensión no puede continuar con su re-presentación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por tra-bajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Por último, se le ordena al licenciado Rojas Rojas que nos certifique haber cumplido con los requerimien-tos anteriores dentro de un plazo de 30 días a partir de la notificación de esta Opinión y la sentencia adjunta.

Se dictará sentencia de conformidad.