Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | 2012 TSPR 108 |
|---|---|
| José Orlando Grau Collazo | 185 DPR ____ |

Número del Caso: TS-1738

Fecha: 12 de junio de 2012

Materia: Conducta Profesional – La suspensión será efectiva el 20 de junio de 2012 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Núm. **TS-1738** | Sobre:<br><br>Conducta Profesional |
| --- | --- | --- |
| José Orlando Grau Collazo | | |

*PER CURIAM*

En San Juan, Puerto Rico, a 12 de junio de 2012.

Según se desprende del expediente personal del Lcdo. José Orlando Grau Collazo (licenciado Grau), éste ha incumplido tanto con los requisitos dispuestos en el Reglamento del Programa de Educación Jurídica Continua, según enmendado, 4 L.P.R.A. Ap. XVII-E (Supl. 2011),[1] como con el deber de mantener a este Tribunal informado de su dirección conforme la Regla 9(j) de nuestro Reglamento, según enmendado, 4 L.P.R.A. Ap. XXI-A, R. 9 (2002 y Supl. 2011).[2] Como veremos, y a pesar de su lamentable situación personal, dicho incumplimiento no nos deja otra alternativa que separarlo indefinidamente del ejercicio de la abogacía y la notaría.

---

[1] Véase, además, Reglamento de Educación Jurídica Continua, según enmendado, 4 L.P.R.A. Ap. XVII-D (2002 y Supl. 2011).

[2] Esta obligación se mantuvo intacta bajo el nuevo Reglamento del Tribunal Supremo que entró en vigor en enero del 2012. *In re*: Reglamento del Tribunal Supremo de Puerto Rico, 2011 T.S.P.R. 174, 183 D.P.R. ___ (2011).

**I**

El licenciado Grau fue admitido al ejercicio de la abogacía y de la notaría el 21 de noviembre de 1957 y el 13 de septiembre de 1979, respectivamente.

El 4 de marzo de 2011 el Programa de Educación Jurídica Continua (PEJC) nos informó que durante el periodo entre el 1 de enero de 2007 y el 31 de diciembre de 2008, el letrado dejó de cumplir con los requisitos de educación jurídica continua establecidos en su Reglamento. Además, tampoco pagó la cuota por cumplimiento tardío.

El Informe del PEJC relató que el 15 de enero de 2009 envió al licenciado Grau un Aviso de Incumplimiento. En respuesta, el 26 de marzo de 2009 el licenciado Grau les cursó una comunicación informando que no podía tomar los cursos de mejoramiento profesional porque estaba en una residencia para ancianos tras haber sufrido un derrame cerebral. El 15 de mayo de 2009 el PEJC le solicitó al letrado que presentara una *Solicitud de Relevo o Exoneración de Cumplimiento con el Requisito del Programa* por justa causa, formulario que le fue enviado al licenciado.[3] Además, también se le requirió incluir información en cuanto al tipo de servicios legales realizados durante el periodo que tenía al descubierto y

---

[3] Adviértase que el PEJC en su Informe no incluyó copia de la comunicación enviada por el licenciado Grau ni de la respuesta del Programa.

si mantenía una oficina abierta al público. Esta comunicación nunca fue contestada por el licenciado Grau.

El 13 de octubre de 2010 el PEJC citó al licenciado Grau a una vista informal pautada para el 16 de noviembre de 2010. Le indicó que podía comparecer por escrito siempre y cuando presentara sus argumentos al PEJC dentro de los diez (10) días siguientes al envío de la citación. Además, se le advirtió que de no asistir a la vista informal en persona o por escrito, se entendería por renunciado su derecho a comparecer a la misma y se remitiría el asunto a este Tribunal. A pesar de estos avisos, el licenciado Grau no compareció a la vista ni sometió escrito alguno al respecto.

Así las cosas, la Directora Ejecutiva del PEJC nos refirió el asunto, indicando que el licenciado Grau tenía su notaría activa.

Ante este cuadro fáctico, el 12 de abril de 2011 emitimos Resolución concediéndole al licenciado Grau un término de veinte (20) días para que mostrara causa por la cual no debería ser suspendido del ejercicio de la profesión por incumplir con los requisitos de educación jurídica continua y por no contestar los requerimientos del PEJC. También apercibimos al licenciado que su incumplimiento con los términos de la Resolución conllevaría su suspensión inmediata del ejercicio de la abogacía.

El 20 de junio de 2011 emitimos una segunda Resolución concediéndole al licenciado Grau un término adicional de veinte (20) días para cumplir con lo anteriormente requerido. Se le apercibió nuevamente que su incumplimiento podría conllevar la imposición de sanciones disciplinarias, incluyendo su suspensión inmediata del ejercicio de la abogacía, y se ordenó que la Resolución le fuera notificada personalmente. No obstante, el 20 de julio de 2011 recibimos comunicación de la Oficina del Alguacil de este Tribunal al efecto de que fueron infructuosos los intentos para diligenciar la notificación de dicha Resolución al licenciado Grau en la dirección provista por Secretaría, debido a que éste ya no residía en el lugar indicado.

Posteriormente, requerimos al PEJC que nos facilitara copia de la única comunicación que el licenciado Grau le había cursado. Al recibirla, nos percatamos que la dirección que aparecía en el sobre de envío provenía del estado de la Florida y correspondía a un hogar de ancianos. En vista de ello, además de las serias dudas que nos surgieron respecto a la capacidad del licenciado Grau, el 28 de octubre de 2011 emitimos una tercera Resolución ordenando que se iniciara el proceso dispuesto en la Regla 15(c) del Reglamento de este Tribunal, según enmendado, 4 L.P.R.A. Ap. XXI-A (2002 y Supl. 2011), para que se evaluara la condición física y mental del

licenciado. Para dicho propósito designamos al Lcdo. Carlos Dávila Vélez, ex Juez del Tribunal de Primera Instancia, como Comisionado Especial para que recibiera prueba sobre la capacidad mental o emocional del licenciado Grau, incluyendo testimonio pericial de un panel médico determinado según lo establecido en la Regla 15(h) de nuestro Reglamento, y nos rindiera un informe dentro del término especificado en dicho precepto.[4] Se envió copia de la Resolución al licenciado Grau a su dirección de récord en Puerto Rico y a la dirección en el estado de la Florida.

El 5 de diciembre de 2011 el Comisionado Especial emitió una Orden informando su intención de nombrar un panel de tres (3) médicos siquiatras para que examinaran al abogado, rindieran un informe y presentaran su testimonio pericial ante dicho Comisionado Especial, de ser necesario. Se les concedió a la Oficina del Procurador General y al licenciado Grau un término de diez (10) días a partir de la notificación de la Orden para efectuar la correspondiente designación. También se le apercibió al licenciado Grau que, conforme a la Regla 15(e) de nuestro Reglamento, de rehusar someterse a examen por los peritos designados, tal negativa se consideraría

---

[4]     Se le autorizó al Comisionado Especial, además, a realizar todas las gestiones y vistas correspondientes para vindicar la autoridad de este Tribunal y rendirnos una recomendación.

evidencia *prima facie* de su incapacidad mental, con las consecuencias que determinara el Tribunal. El licenciado Grau no acató dichas directrices.

El 13 de febrero de 2012 el Comisionado Especial emitió una segunda Orden. Le concedió al licenciado Grau un término de diez (10) días para someter cualquier récord médico pertinente al asunto objeto del procedimiento en curso y para que informara si comparecería o no ante el médico siquiatra que designaría. Se le advirtió que de incumplir, se entendería que se negaba a someterse a la evaluación, lo cual se consideraría prueba *prima facie* de su incapacidad mental, por lo que el Tribunal podría suspenderlo preventivamente del ejercicio de la profesión. No obstante, el licenciado Grau no hizo nada.

El 5 de marzo de 2012 el Comisionado Especial recomendó mediante su Informe que se suspenda al licenciado Grau preventivamente del ejercicio de la profesión por haberse negado a responder a sus órdenes y someterse a una evaluación siquiátrica. Sin embargo, del expediente del licenciado Grau se desprende que nunca recibió las notificaciones cursadas por el Tribunal y el Comisionado Especial correspondientes a la Resolución de 28 de octubre de 2011 y las Órdenes de 13 de febrero y 5 de marzo de 2012, respectivamente, enviadas a su dirección

en el estado de la Florida, ya que las mismas fueron devueltas por el servicio de correo.[5]

## II

El Reglamento del Programa de Educación Jurídica Continua establece que todo profesional del Derecho admitido al ejercicio de la abogacía y la notaría en Puerto Rico tiene el deber de cumplir los requisitos de educación jurídica continua, a menos que esté exento según las disposiciones de la Regla 4 de dicho Reglamento. 4 L.P.R.A. Ap. XVII-E, R. 4 (Supl. 2011), según enmendado. En el caso de cumplimiento tardío, un abogado deberá presentar un informe explicando las razones que justifican su tardanza y pagar una cuota. 4 L.P.R.A. Ap. XVII-E, R. 29 (Supl. 2011), según enmendado. Sin embargo, si después de ser citado a una vista informal por incumplimiento con sus obligaciones éste no compareciera, la Junta de Educación Jurídica Continua remitirá el asunto a este Tribunal. 4 L.P.R.A. Ap. XVII-E, R. 32 (Supl. 2011), según enmendado.

Por otro lado, el Canon 9 del Código de Ética Profesional regula la conducta del abogado ante los

---

[5] Los sobres devueltos por el correo indican lo siguiente:

Return to Sender, Attempted – Not Known, Unable to Forward (sobre conteniendo la Resolución de 28 de octubre de 2011), y

Return to Sender, Not Deliverable as Addressed, Unable to Forward (sobres conteniendo las Órdenes de 13 de febrero y 5 de marzo de 2012)

tribunales y exige que ésta sea una caracterizada por el mayor respeto. 4 L.P.R.A. Ap. IX (2002). Continuamente nos vemos obligados a recordarles a los miembros de esta profesión que para honrar este mandato se requiere una escrupulosa atención y obediencia a los requerimientos de este Tribunal, particularmente cuando se trata de procedimientos disciplinarios. *In re* Ramírez Ferrer, 2011 T.S.P.R. 210, 183 D.P.R. __ (2011); *In re* Fernández Amy, 180 D.P.R. 158, 160 (2010). Hemos advertido que al fallar responder de forma oportuna y diligente a nuestras órdenes procede la suspensión del ejercicio de la profesión, por ello mostrar indiferencia a nuestros apercibimientos y una violación del Canon 9, *supra*. *In re* Rosario Martínez, 2012 T.S.P.R. 26, 184 D.P.R. __ (2012); *In re* Galarza Rodríguez, 2011 T.S.P.R. 175, 183 D.P.R. __ (2011).

Por último, nos compete destacar que la Regla 9(j) del Reglamento de este Tribunal especifica que "[t]odo(a) abogado(a) tendrá la obligación de notificar al (a la) Secretario(a) cualquier cambio de dirección postal o física". 4 L.P.R.A. Ap. XXI-A, R. 9 (2002 y Supl. 2011), según enmendado. Para agilizar este proceso, se estableció el Registro Único de Abogados (RUA), cuyo propósito principal es centralizar en una sola base de datos la información de las personas autorizadas por este Tribunal a ejercer la abogacía y la notaría. *In re* Toro Soto, 181 D.P.R. 654, 660-661 (2011).

En múltiples ocasiones anteriores hemos enfatizado la importancia de todo abogado mantener al Tribunal informado sobre sus direcciones e información personal requerida, y el deber de notificar de manera inmediata a la Secretaría de este Tribunal de cualquier cambio ocurrido. *In re* Toro Soto, *supra*, pág. 660; *In re* Borges Lebrón, 2010 T.S.P.R. 211, 179 D.P.R. Ap. (2010); *In re* Morales Rodríguez, 179 D.P.R. 766, 769 (2010). "El abogado que no cumpla con este deber falta a los deberes más elementales de la profesión." *In re* Tió Fernández, 178 D.P.R. 681, 683 (2010). Esta omisión, la cual dificulta el ejercicio de nuestra jurisdicción disciplinaria, amerita que se separe al licenciado Grau indefinidamente de la profesión. *In re* Betancourt Medina, 2011 T.S.P.R. 197, 183 D.P.R. __ (2011); *In re* Toro Soto, *supra*, pág. 661; *In re* Borges Lebrón, *supra*; *In re* Tió Fernández, *supra*, pág. 683.

A tal efecto, el 3 de junio de 2010 emitimos Resolución ordenando a todo abogado revisar y actualizar sus direcciones registradas en el RUA dentro de treinta (30) días, en cumplimiento con la Regla 9(j) de nuestro Reglamento. *In re* Rs. Proc. Civil y R. T. Supremo, 179 D.P.R. 174 (2010). Advertimos que el incumplimiento con lo ordenado podría conllevar la imposición de sanciones disciplinarias. Íd.

**III**

Según relatáramos, ha resultado imposible efectuar contacto alguno con el licenciado Grau debido a que su dirección de récord no está al día. Tampoco hemos logrado hacerle llegar las notificaciones emitidas por este Tribunal y el Comisionado Especial a la dirección en el estado de la Florida que se desprende de la única comunicación que el letrado ha enviado desde el año 2009. Ello en clara violación a la Regla 9(j) de nuestro Reglamento. Por otro lado, hasta el presente, el licenciado Grau no ha subsanado sus deficiencias de educación jurídica continua desde el año 2007, ni ha pagado la cuota por cumplimiento tardío.

Debemos destacar que el expediente profesional del licenciado Grau refleja que en sus más de cincuenta (50) años en el ejercicio de la abogacía y más de treinta (30) años en el ejercicio de la notaría nunca ha sido objeto de señalamiento alguno por violación a los Cánones de Ética Profesional. Somos conscientes de su delicado estado de salud y ha pesado en nuestro ánimo la comunicación que éste cursó al PEJC en la que informó al respecto.

No obstante, nada de lo anterior excusa su incumplimiento con las obligaciones impuestas sobre todo abogado que ejercite la profesión dentro de la jurisdicción de este Tribunal. Lamentablemente, nos vemos obligados a decretar la suspensión inmediata e indefinida

del licenciado Grau del ejercicio de la abogacía y la notaría.

Le ordenamos, por tanto, notificar a todos sus clientes, si alguno, su inhabilidad para continuar con su representación legal y devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos. Igualmente, tiene el deber de informar su suspensión oportunamente tanto a los foros judiciales como administrativos del país. Dichas gestiones deberán ser notificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Resolución y su Sentencia correspondiente.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial del licenciado Grau, incluyendo su sello notarial. Éstos deberán ser entregados a la Oficina de Inspección de Notarías.

Notifíquese esta Opinión *Per Curiam* al licenciado Grau a las direcciones que constan en su expediente, tanto en Puerto Rico como en el estado de la Florida.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>José Orlando Grau Collazo | **Núm. TS-1738** | Sobre:<br><br>Conducta Profesional |

SENTENCIA

En San Juan, Puerto Rico, a 12 de junio de 2012.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. José Orlando Grau Collazo del ejercicio de la abogacía y la notaría.

Le ordenamos, por tanto, notificar a todos sus clientes, si alguno, su inhabilidad para continuar con su representación legal y devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos. Igualmente, tiene el deber de informar su suspensión oportunamente tanto a los foros judiciales como administrativos del país. Dichas gestiones deberán ser notificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Resolución y su Sentencia correspondiente.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial del licenciado Grau, incluyendo su sello notarial. Éstos deberán ser entregados a la Oficina de Inspección de Notarías.

Notifíquese esta Opinión *Per Curiam* al licenciado Grau a las direcciones que constan en su expediente, tanto en Puerto Rico como en el estado de la Florida.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco no interviene. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo