per curiam:
Según surge del expediente personal del Ledo. José Orlando Grau Collazo (licenciado Grau), éste ha incumplido tanto con los requisitos dispuestos en el Regla-mento del Programa de Educación Jurídica Continua, se-gún enmendado, 4 L.P.R.A. Ap. XVII-E([1]) como con el de-ber de mantener a este Tribunal informado de su dirección conforme la Regla 9(j) de nuestro Reglamento, según en-mendado, 4 L.P.R.A. Ap. XXI-A.([2]) Como veremos, y a pesar de su lamentable situación personal, dicho incumplimiento no nos deja otra alternativa que separarlo indefinidamente del ejercicio de la abogacía y la notaría.
I
El licenciado Grau fue admitido al ejercicio de la aboga-cía y de la notaría el 21 de noviembre de 1957 y el 13 de septiembre de 1979, respectivamente.
El 4 de marzo de 2011 el Programa de Educación Jurí-dica Continua (PEJC) nos informó que, durante el periodo entre el 1 de enero de 2007 y el 31 de diciembre de 2008, el letrado incumplió con los requisitos de educación jurídica *940 continua establecidos en su reglamento; tampoco pagó la cuota por cumplimiento tardío.
El Informe del PEJC relató que el 15 de enero de 2009 envió al licenciado Grau un Aviso de Incumplimiento. En respuesta, el 26 de marzo de 2009 el licenciado Grau les cursó una comunicación informando que no podía tomar los cursos de mejoramiento profesional porque estaba en una residencia para ancianos tras haber sufrido un de-rrame cerebral. El 15 de mayo de 2009 el PEJC le solicitó al letrado que presentara una Solicitud de Relevo o Exone-ración de Cumplimiento con el Requisito del Programa, por justa causa, formulario que le fue enviado al licenciado. ([3]) Además, también se le requirió incluir información en cuanto al tipo de servicios legales realizados durante el periodo que tenía al descubierto y si mantenía una oficina abierta al público. Esta comunicación nunca fue contes-tada por el licenciado Grau.
El 13 de octubre de 2010 el PEJC citó al licenciado Grau a una vista informal pautada para el 16 de noviembre de 2010. Le indicó que podía comparecer por escrito siempre y cuando presentara sus argumentos al PEJC dentro de los diez días siguientes al envío de la citación. Además, se le advirtió que, de no asistir a la vista informal en persona o por escrito, se entendería por renunciado su derecho a com-parecer a ésta, y se remitiría el asunto a este Tribunal. A pesar de estos avisos, el licenciado Grau no compareció a la vista ni sometió escrito alguno al respecto. Así las cosas, la Directora Ejecutiva del PEJC nos refirió el asunto, indi-cando que el licenciado Grau tenía su notaría activa.
Ante este cuadro fáctico, el 12 de abril de 2011 emitimos una Resolución en la que concedimos al licenciado Grau un término de veinte días para que mostrara causa por la cual no debería ser suspendido del ejercicio de la profesión por incumplir con los requisitos de educación jurídica continua *941 y por no contestar los requerimientos del PEJC. También apercibimos al licenciado que su incumplimiento con los términos de la Resolución conllevaría su suspensión inme-diata del ejercicio de la abogacía.
El 20 de junio de 2011 emitimos una segunda Resolu-ción en la que concedimos al licenciado Grau un término adicional de veinte días para cumplir con lo anteriormente requerido. Se le apercibió nuevamente que su incumpli-miento podría conllevar la imposición de sanciones discipli-narias, incluyendo su suspensión inmediata del ejercicio de la abogacía, y se ordenó que la Resolución le fuera notifi-cada personalmente. No obstante, el 20 de julio de 2011 recibimos una comunicación de la Oficina del Alguacil de este Tribunal al efecto de que fueron infructuosos los inten-tos para diligenciar la notificación de dicha Resolución al licenciado Grau en la dirección provista por la Secretaría, debido a que éste ya no residía en el lugar indicado.
Posteriormente, requerimos al PEJC que nos facilitara copia de la única comunicación que el licenciado Grau le había cursado. Al recibirla, nos percatamos que la direc-ción que aparecía en el sobre de envío provenía del estado de la Florida y correspondía a un hogar de ancianos. En vista de ello, además de las serias dudas que nos surgieron respecto a la capacidad del licenciado Grau, el 28 de octu-bre de 2011 emitimos una tercera Resolución en la que ordenamos que se iniciara el proceso dispuesto en la Regla 15(c) del Reglamento de este Tribunal, según enmendado, 4 L.P.R.A. Ap. XXI-A, para que se evaluara la condición física y mental del licenciado. Para dicho propósito desig-namos al Ledo. Carlos Dávila Vélez, exJuez del Tribunal de Primera Instancia, como Comisionado Especial para que recibiera la prueba sobre la capacidad mental o emocional del licenciado Grau, incluyendo el testimonio pericial de un panel médico determinado según lo establecido en la Regla 15(h) de nuestro Reglamento, y nos rindiera un informe *942 dentro del término especificado en dicho precepto.([4]) Se en-vió copia de la Resolución al licenciado Grau a su dirección que consta en su expediente en Puerto Rico y a la dirección en el estado de la Florida.
El 5 de diciembre de 2011 el Comisionado Especial emi-tió una Orden informando su intención de nombrar un panel de tres médicos siquiatras para que examinaran al abo-gado, rindieran un informe y presentaran su testimonio pericial ante dicho Comisionado Especial, de ser necesario. Se concedió a la Oficina del Procurador General y al licen-ciado Grau un término de diez días a partir de la notifica-ción de la Orden para efectuar la correspondiente designación. También se apercibió al licenciado Grau que, conforme a la Regla 15(e) de nuestro Reglamento, si re-húsa someterse a un examen por los peritos designados, tal negativa se consideraría evidencia prima facie de su inca-pacidad mental, con las consecuencias que determine el Tribunal. El licenciado Grau no acató dichas directrices.
El 13 de febrero de 2012 el Comisionado Especial emitió una segunda Orden. Concedió al licenciado Grau un tér-mino de diez días para someter cualquier expediente mé-dico pertinente al asunto objeto del procedimiento en curso y para que informara si comparecería o no ante el médico siquiatra que designaría. Se le advirtió que de incumplir, se entendería que se negaba a someterse a la evaluación, lo cual se consideraría prueba prima facie de su incapacidad mental, por lo que el Tribunal podría suspenderlo preven-tivamente del ejercicio de la profesión. No obstante, el li-cenciado Grau no hizo nada.
El 5 de marzo de 2012 el Comisionado Especial reco-mendó mediante su Informe que se suspenda al licenciado Grau preventivamente del ejercicio de la profesión por ha-berse negado a responder a sus órdenes y someterse a una *943 evaluación siquiátrica. Sin embargo, del expediente del li-cenciado Grau surge que nunca recibió las notificaciones cursadas por el Tribunal y por el Comisionado Especial correspondientes a la Resolución de 28 de octubre de 2011 y las Ordenes de 13 de febrero y de 5 de marzo de 2012, respectivamente, enviadas a su dirección en el estado de la Florida, ya que éstas fueron devueltas por el servicio de cor reo. ([5])
II
El Reglamento del Programa de Educación Jurídica Continua establece que todo profesional del Derecho admitido al ejercicio de la abogacía y la notaría en Puerto Rico tiene el deber de cumplir los requisitos de educación jurídica continua, a menos que esté exento según las disposiciones de la Regla 4 de dicho Reglamento, 4 L.P.R.A. Ap. XVII-E, según enmendada. En el caso de cumplimiento tardío, un abogado deberá presentar un informe explicando las razones que justifican su tardanza y pagar una cuota. 4 L.P.R.A. Ap. XVII-E, R. 29. Sin embargo, si después de ser citado a una vista informal por incumplimiento con sus obligaciones éste no comparece, la Junta de Educación Jurídica Continua remitirá el asunto a este Tribunal. 4 L.P.R.A. Ap. XVII-E, R. 32.
Por otro lado, el Canon 9 del Código de Ética Profesional regula la conducta del abogado ante los tribunales y exige que ésta se caracterice por el mayor respeto. 4 L.P.R.A. Ap. IX. Continuamente nos vemos obligados a recordarles a los miembros de esta profesión que para honrar este mandato se requiere una escrupulosa atención y obediencia a los requerimientos de este Tribunal, particular- *944 mente cuando se trata de procedimientos disciplinarios. In re Ramírez Ferrer, 183 D.P.R. 382 (2011); In re Fernández Amy, 180 D.P.R. 158, 160 (2010). Hemos advertido que al fallar en responder de forma oportuna y diligente a nues-tras órdenes, procede la suspensión del ejercicio de la pro-fesión, puesto que ello demuestra indiferencia a nuestros apercibimientos y una violación del Canon 9, supra. In re Rosario Martínez, 184 D.P.R. 494 (2012); Galarza Rodríguez, Ex parte, 183 D.P.R. 228 (2011).
Por último, la Regla 9(j) del Reglamento de este Tribunal especifica que “[t]odo (a) abogado (a) tendrá la obligación de notificar al (a la) Secretario (a) cualquier cambio de dirección postal o física”. 4 L.P.R.A. Ap. XXI-A. Para agilizar este proceso, se estableció el Registro Unico de Abogados (RUA), cuyo propósito principal es centralizar en una sola base de datos la información de las personas autorizadas por este Tribunal a ejercer la abogacía y la notaría. In re Toro Soto, 181 D.P.R. 654, 660-661 (2011).
En múltiples ocasiones anteriores hemos enfatizado la importancia de todo abogado de mantener al Tribunal in-formado sobre sus direcciones y su información personal, y el deber de notificar de manera inmediata cualquier cam-bio ocurrido a la Secretaría de este Tribunal. In re Toro Soto, supra, pág. 660; In re Borges Lebrón, 179 D.P.R. Ap. (2010); In re Morales Rodríguez, 179 D.P.R. 766, 769 (2010). “El abogado que no cumpla con este deber falta a los deberes más elementales de la profesión”. In re Tió Fernández, 178 D.P.R. 681, 683 (2010). Esta omisión, la cual dificulta el ejercicio de nuestra jurisdicción disciplinaria, amerita que se separe al licenciado Grau de la profesión indefinidamente. In re Betancourt Medina, 183 D.P.R. 821 (2011); In re Toro Soto, supra, pág. 661; In re Borges Lebrón, supra; In re Tió Fernández, supra, pág. 683.
A tal efecto, el 3 de junio de 2010 emitimos Resolución ordenando a todo abogado revisar y actualizar sus direccio-nes registradas en RUA dentro de treinta días, en cumplí- *945 miento con la Regla 9(j) de nuestro Reglamento, supra. In re Rs. Proc. Civil y R.T. Supremo, 179 D.P.R. 174 (2010). Advertimos que el incumplimiento con lo ordenado podría conllevar la imposición de sanciones disciplinarias. Id.
III
Según relatáramos, ha resultado imposible efectuar contacto alguno con el licenciado Grau debido a que su dirección en el expediente personal no está al día. Tampoco hemos logrado hacerle llegar las notificaciones emitidas por este Tribunal y por el Comisionado Especial a la direc-ción en el estado de Florida, dirección que surge de la única comunicación que el letrado ha enviado desde el 2009; ello en clara violación a la Regla 9(j) de nuestro Reglamento, supra. Por otro lado, hasta el presente, el licenciado Grau no ha subsanado sus deficiencias de educación jurídica continua desde el 2007 ni ha pagado la cuota por cumpli-miento tardío.
Debemos destacar que el expediente profesional del licenciado Grau refleja que en sus más de cincuenta años en el ejercicio de la abogacía y más de treinta años en el ejercicio de la notaría nunca ha sido objeto de señalamiento alguno por violación a los cánones del Código de Etica Profesional. Somos conscientes de su delicado estado de salud y ha pesado en nuestro ánimo la comunicación que éste cursó al PEJC en la que informó al respecto.
No obstante, nada de lo anterior excusa su incumpli-miento con las obligaciones impuestas sobre todo abogado que ejercite la profesión dentro de la jurisdicción de este Tribunal. Lamentablemente, nos vemos obligados a decre-tar la suspensión inmediata e indefinida del licenciado Grau del ejercicio de la abogacía y la notaría.

Le ordenamos, por lo tanto, notificar a todos sus clientes, si alguno, su inhabilidad para continuar con su represen-tación legal y devolver, tanto los expedientes de los casos 
*946
pendientes, como los honorarios recibidos por trabajos no rendidos. Igualmente, tiene el deber de informar su suspen-sión oportunamente tanto a los foros judiciales como admi-nistrativos del país. Deberá notificar dichas gestiones a este Tribunal dentro del término de treinta días a partir de la notificación de esta Resolución y su Sentencia corres-pondiente. El Alguacil de este Tribunal procederá a incau-tarse de la obra notarial del licenciado Grau, incluyendo su sello notarial, y los entregará a la Oficina de Inspección de Notarías. Notifíquese esta Opinión “per curiam” al licen-ciado Grau a las direcciones que constan en su expediente, tanto en Puerto Rico como en el estado de Florida.

Se dictará Sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino. La Jueza Asociada Señora Pabón Charneco no interviene.

(1) Véase, además, Reglamento de Educación Jurídica Continua, según enmen-dado, 4 L.P.R.A. Ap. XVII-D.

(2) Esta obligación se mantuvo intacta en el nuevo Reglamento del Tribunal Supremo que entró en vigor en enero del 2012. In re Reglamento Tribunal Supremo, 183 D.P.R. 386 (2011).

(3) Adviértase que el Programa de Educación Jurídica Continua (PEJC), en su Informe, no incluyó copia de la comunicación enviada por el licenciado Grau ni de la respuesta del Programa.

(4) Se autorizó al Comisionado Especial, además, a realizar todas las gestiones y vistas correspondientes para vindicar la autoridad de este Tribunal y someternos una recomendación.

(5) Los sobres devueltos por el correo indican lo siguiente: “Return to Sender, Attempted — Not Known, Unable to Forward” (sobre con la Resolución de 28 de octubre de 2011), y “Return to Sender, Not Deliverable as Addressed, Unable to Forward” (sobres con las Órdenes de 13 de febrero y de 5 de marzo de 2012).