per curiam:
Nuevamente nos vemos en la obligación de suspender a un miembro de la profesión legal por incum-plir con los requerimientos de este Tribunal. Por los moti-vos que se exponen a continuación, ordenamos la suspen-sión inmediata e indefinida del Ledo. Juan A. Marqués Latorre del ejercicio de la abogacía y de la notaría.
I
El licenciado Marqués Latorre fue admitido al ejercicio de la abogacía el 3 de enero de 1974 y juramentó como notario el 9 de diciembre de 1977. El 6 de junio de 2011, el Sr. Enrique Trigo Tió presentó ante nos una queja discipli-naria contra el abogado de epígrafe, en la cual alegó que pese a sus intentos no ha logrado establecer más comuni-cación con el licenciado. Esto, con el propósito de solicitarle que le devolviera $1,000 por servicios profesionales que el licenciado Marqués Latorre le cobró, pese al acuerdo de *414 honorarios por contingencia, y que el señor Trigo Tió pagó influenciado, presuntamente, por la prisa que el abogado le inculcó debido a la posible prescripción de algunas de sus alegaciones.
El 23 de junio de 2011, la Subsecretaría del Tribunal Supremo cursó comunicación al licenciado Marqués Lato-rre en la cual se le concedió un término de 10 días para que tuviera la oportunidad de contestar la queja presentada en su contra. Esa comunicación se cursó mediante correo cer-tificado a la dirección que obra en nuestro Registro. Sin embargo, el envío fue devuelto por el Servicio Postal con la nota “UNCLAIMED.” En consecuencia, el 22 de septiem-bre de 2011, realizamos una segunda notificación a esa misma dirección mediante correo certificado. Esa segunda notificación fue devuelta por el correo por la razón si-guiente: “ATTEMPTED NOT KNOWN.”
Así las cosas, el 28 de noviembre de 2011 emitimos una Resolución en la cual concedimos al licenciado Marqués Latorre un término final de 10 días para que compareciera ante este Tribunal y contestara la queja. Asimismo, se le informó que las comunicaciones previas habían sido envia-das a la dirección que surge del Registro Unico de Aboga-dos y Abogadas. Además, se le apercibió que el incumpli-miento con nuestra Resolución podía conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejerci-cio de la profesión. En esa ocasión ordenamos que la Reso-lución se notificara personalmente al licenciado Marqués Latorre por la Oficina del Alguacil de este Tribunal.
No obstante lo anterior, el diligenciamiento personal de nuestra Resolución por parte de la Oficina del Alguacil de este Tribunal fue devuelto negativo. Ello, debido a que las direcciones previamente suministradas por el abogado son del estado de Florida y los números telefónicos, también provistos por el licenciado, se encuentran fuera de servicio. Ante ese escenario, se envió por correo certificado al licen-ciado Marqués Latorre la aludida Resolución de 28 de no- *415 viembre de 2011. También fue devuelta por el Servicio Postal con la nota “UNCLAIMED.”
Aún hoy el licenciado Marqués Latorre no ha compare-cido a contestar la queja ni ha cumplido con el requeri-miento de nuestra Resolución.
I — H H-H
Los abogados y las abogadas deben cumplir rigurosamente con nuestros requerimientos y responder de forma diligente y oportuna a los señalamientos que se le hacen. In re Rojas Rojas, 185 D.P.R. 405 (2012); In re Rivera Rosado, 180 D.P.R. 698 (2011); In re Santiago Méndez, 174 D.P.R. 823 (2008). La diligencia de los miembros de la profesión legal al atender nuestros requerimientos cobra mayor trascendencia cuando se trata de un proceso disciplinario. In re Rojas Rojas, supra; In re Rivera Rosado, supra; In re Fiel Martínez, 180 D.P.R. 426 (2010).
Cuando un abogado o una abogada incumple con nuestros requerimientos e ignora el apercibimiento de sanciones disciplinarias, las cuales como en este caso incluyen que su falta de diligencia puede causar la suspensión, corresponde que lo separemos inmediatamente de la profesión. In re Rojas Rojas, supra; In re Morales Rodríguez, 179 D.P.R. 766 (2010). Por ello, hemos expresado que los miembros de la profesión legal están obligados a cumplir con nuestros requerimientos independientemente de los méritos de la acción disciplinaria incoada. Id.
Incumplir con los requerimientos y órdenes de este Tribunal representa una violación ética independiente. Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX; In re Rojas Rojas, supra; In re Fiel Martínez, supra. El Canon 9 de Ética Profesional, supra, exige respeto hacia los tribunales por parte de los funcionarios del Tribunal que son admitidos a la profesión. Por lo tanto, no podemos *416 tomar de forma liviana el incumplimiento con nuestro trá-mite disciplinario.
Por otra parte, recordamos nuevamente a los abogados y a las abogadas de su deber de notificar inmediatamente a este Tribunal cualquier cambio en su dirección postal o física. Regla 9(j) del Reglamento del Tribunal Supremo, In re Reglamento Tribunal Supremo, 183 D.P.R. 386, 407 (2011), aprobado el 22 de noviembre de 2011. In re Rojas Rojas, supra; In re Morales Rodríguez, supra. La actual Regla 9(j) del Reglamento de este Tribunal impone los mismos requisitos que la Regla 9(j) de nuestro Reglamento anterior. Véase 4 L.P.R.A. Ap. XXI-A R. 9. Cabe recordar que el 3 de junio de 2010 emitimos una resolución mediante la cual ordenamos a todos los abogados y abogadas a que revisaran y actualizaran sus direcciones en el Registro Único de Abogados y Abogadas. Cuando un abogado ignora su obligación de mantener al día ese Registro dificulta nuestra labor disciplinaria. In re Rojas Rojas, supra.
H-1 HH I — I
Nos encontramos una vez más con un abogado que in-cumple su obligación de mantener actualizada su informa-ción de contacto en nuestro Registro, lo cual dificulta nues-tra función disciplinaria y facilita que se ignoren nuestros requerimientos disciplinarios. El licenciado Marqués Lato-rre nunca ha contestado nuestros requerimientos sobre la queja en cuestión. Han sido dos comunicaciones de la Sub-secretaría de nuestro tribunal las que el licenciado no ha atendido: un diligenciamiento personal infructuoso de nuestra Resolución de 28 de noviembre de 2011 y una no-tificación de esa Resolución sin respuesta.
Aún hoy el licenciado Marqués Latorre no ha actuali-zado su dirección y sus números telefónicos en el Registro Único de Abogados y Abogadas. Su paradero es desconocido y su incumplimiento evidente. Tal proceder es inaceptable.
*417 IV
Por todo lo anterior, se suspende inmediata e indefinida-mente al Ledo. Juan A. Marqués Latorre del ejercicio de la abogacía y de la notaría. El señor Marqués Latorre notifi-cará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal y devolverá a estos los expedientes de cualquier caso pendiente y los ho-norarios recibidos por trabajos no realizados. De igual ma-nera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Se ordena al señor Mar-qués Latorre que nos certifique haber cumplido con los re-querimientos anteriores dentro de un plazo de 30 días a partir de la notificación de esta Opinión y la sentencia adjunta. Por último, se ordena al Alguacil General de este Tribunal a que incaute la obra notarial del señor Marqués Latorre.

Se dictará sentencia de conformidad.