EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                   | 2015 TSPR 97    |
|                          |                 |
| Juan Ramón Miranda Díaz  | 193 DPR ____    |

Número del Caso: TS-7548


Fecha: 30 de junio de 2015

Oficina de Inspección de Notarías:

      Lcdo. Manuel Ávila De Jesús
      Director


Materia: Conducta Profesional - La suspensión del abogado será efectiva el 13 de julio de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Juan Ramón Miranda Díaz

                                    TS-7548

PER CURIAM

En San Juan, Puerto Rico, a 30 de junio de 2015.

Una vez más nos vemos precisados a suspender a un miembro de la profesión por desatender los requerimientos de este Tribunal, apartándose de las normas éticas que rigen el ejercicio de la profesión. Por tal razón, y conforme a lo detallado a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Juan Ramón Miranda Díaz del ejercicio de la abogacía y de la notaría.

I

El Lcdo. Juan Ramón Miranda Díaz (licenciado Miranda Díaz) fue admitido al ejercicio de la abogacía el 30 de noviembre de 1982 y al ejercicio de la notaría en 1983. Los hechos que dan lugar a esta acción disciplinaria son los siguientes.

El 24 de noviembre de 2014 el Director de la Oficina de Inspección de Notarías (ODIN) presentó ante esta Curia un escrito titulado "Informe especial sobre incumplimiento de la Ley Notarial y su Reglamento; solicitando incautación preventiva; y otros remedios". En este nos informó que el licenciado Miranda Díaz adeudaba un total de 129 índices de actividad notarial mensual correspondientes a enero de 2004 hasta septiembre de 2014. El letrado fue notificado sobre dichas deficiencias en octubre de ese mismo año.

Evaluado el referido informe especial, el 8 de diciembre de 2014 emitimos una Resolución ordenando la incautación inmediata de la obra notarial del letrado. Además, le concedimos un término de 30 días para que presentara ante la ODIN los informes de actividad notarial mensual adeudados. Por otra parte, le ordenamos que en el término de 5 días mostrara causa por la cual no debía ser suspendido indefinidamente del ejercicio de la abogacía y de la notaría y las razones por las cuales no debíamos imponerle una sanción económica de $500.00 a tenor con el Art. 62 de la Ley Notarial de Puerto Rico, según enmendada, Ley Núm. 75 de 2 de julio de 1987, 4 LPRA sec. 2102. Dicha

Resolución le fue notificada personalmente al licenciado Miranda Díaz el 11 de diciembre de 2014.

Algunos días después de que dictáramos la mencionada orden, el 15 de diciembre de 2014, compareció el licenciado Miranda Díaz mediante escrito titulado "Cumplimiento de orden sobre resolución de este Honorable Tribunal". En este sostuvo que durante los pasados años enfrentó periodos de inestabilidad económica, emocional y financiera. Además, aceptó responsabilidad por las faltas cometidas, informó su interés en corregirlas y solicitó no ser relevado de la práctica de la abogacía aunque se le restringiera la práctica de la notaría. Posteriormente, el 28 de enero de 2015, compareció nuevamente el Director de la ODIN y nos informó que el letrado no había cumplido con la orden que dictamos el 8 de diciembre. Además, informó que el Alguacil de este Tribunal no logró incautar el libro de testimonios del referido notario y que la obra protocolar incautada reflejó una deficiencia arancelaria de $866.00.

Luego de evaluar la comparecencia del licenciado Miranda Díaz y del Director de la ODIN, emitimos una Resolución el 6 de febrero de 2015 concediéndole un término final e improrrogable de 30 días al letrado para que atendiera los señalamientos de la ODIN y subsanara las deficiencias de la obra notarial. También, le apercibimos que el incumplimiento con esa orden sería causa para suspenderlo indefinidamente del ejercicio de la profesión. Mientras tanto, el 19 de febrero de 2015, antes de que le

fuera notificada dicha Resolución, el licenciado presentó una moción titulada "Solicitud de último término para completar solución a faltas". Mediante esta solicitó que le extendiéramos una prórroga hasta el 20 de marzo de 2015 para cumplir con las órdenes dictadas. Añadió que durante el mes de enero presentó dificultades médicas y anejó a su moción copia de un certificado médico al respecto. Al día siguiente, el 20 de febrero de 2015, le fue notificada personalmente la Resolución que emitimos el 6 de febrero de 2015. Así las cosas, el 13 de marzo de 2015, el licenciado Miranda Díaz presentó otra moción titulada "Solicitud de breve término final para completar solución a faltas" en la que nos solicitó un término final hasta el 31 de marzo de 2015 para "aseverar y verificar la solución a las faltas".

El 25 de mayo emitimos una Resolución concediéndole un último término para cumplir con nuestras órdenes. La misma se le notificó el 1 de abril por correo regular y a su correo electrónico. Finalmente, el 27 de mayo compareció el Director de la ODIN a informarnos que a esa fecha el licenciado Miranda Díaz no había cumplido con lo que le ordenamos mediante la Resolución que emitimos el 8 de diciembre de 2014.

II

En reiteradas ocasiones hemos expresado que todo abogado tiene la ineludible obligación de observar rigurosamente los requerimientos de este Tribunal. In re

Aponte Del Valle, 189 DPR 245, 249 (2013); In re Rivera Rosado, 180 DPR 698, 701 (2011); In re Morales Rodríguez, 179 DPR 766, 768 (2011). Asimismo, hemos enfatizado que la naturaleza pública de la profesión de la abogacía impone al abogado el deber de responder oportunamente a todo requerimiento relacionado con investigaciones disciplinarias. In re Prieto Rivera, 180 DPR 692, 697 (2011); In re Morales Rodríguez, 179 DPR 766, 769 (2011); In re García Incera, 177 DPR 329, 331 (2009). De igual manera, hemos señalado que desatender las órdenes judiciales constituye una afrenta a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. In re García Incera, supra, pág. 331. Por consiguiente, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. In re Feliciano Jiménez, 176 DPR 234, 235 (2009); In re Arzón Rivera, 175 DPR 763, 765 (2009).

Por otra parte, todo notario está obligado al estricto cumplimiento de la Ley Notarial de Puerto Rico y los cánones del Código de Ética Profesional. In re Martínez Sotomayor, supra, pág. 499, citando a In re Ayala Oquendo, 185 DPR 572, 580 (2012); In re Martínez Almodóvar, 180 DPR 805, 815 (2011). Este debe ser en extremo cuidadoso y tiene el deber de desempeñarse con esmero, diligencia y estricto

celo profesional. In re Martínez Sotomayor, 189 DPR 492, 499 (2013). Por lo tanto, el incumplimiento con estas fuentes de obligaciones y deberes los expone a la acción disciplinaria correspondiente. Íd.

Sabemos que el Art. 48 de la Ley Notarial, 4 LPRA sec. 2072, dispone la forma en que los notarios conservarán los protocolos. A tales fines, estos son responsables de su integridad y están sujetos a sanciones si se deterioran o pierden por su falta de diligencia. In re Rosebaum, 189 DPR 115, 119 (2013). El compromiso del notario es de tal grado en torno al cuidado de los Protocolos que el Art. 48 de la Ley Notarial de Puerto Rico, supra, impone sobre este la responsabilidad por el deterioro o la pérdida de estos. El notario vendrá obligado a reponerlos o restaurarlos a sus expensas. Íd. Claro está, el que el notario cumpla con su deber no impide que este Tribunal le imponga unas sanciones o medidas disciplinarias adecuadas. Íd.

### III

En el caso de autos, el licenciado Miranda Díaz incumplió con su deber de responder oportunamente a los requerimientos de este Tribunal. Este cuadro fáctico se agrava ante las serias deficiencias que al día de hoy no han sido corregidas o subsanadas. Han pasado poco más de seis meses desde que el abogado fue notificado de las deficiencias y al día de hoy no las ha subsanado, a pesar de que hemos concedido prórrogas para ello. En vista de lo anterior, decretamos su suspensión indefinida e inmediata

del ejercicio de la abogacía y de la notaría, según se le había apercibido. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles tanto los expedientes de casos pendientes como cualesquiera honorarios recibidos por trabajos no realizados e informar de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico.

Por otro lado, tiene la obligación de subsanar las deficiencias señaladas en el Informe rendido por ODIN. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra protocolar del señor Miranda Díaz que no pudo ser recuperada, incluyendo el libro de Registro de Testimonios y su sello notarial, y entregar la misma al Director de la ODIN para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad. La Jueza Presidenta señora Fiol Matta y la Jueza Asociada señora Rodríguez Rodríguez no intervinieron.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re: Juan R. Miranda Díaz


                    TS-7548




                    SENTENCIA


En San Juan, Puerto Rico, a 30 de junio de 2015.

     Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría del Lcdo. Juan R. Miranda Díaz por incumplir con las órdenes de este Tribunal Supremo y por no subsanar oportunamente las deficiencias señaladas por la Oficina de Inspección de Notarías (ODIN).

     Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles los expedientes de casos pendientes como cualesquiera honorarios recibidos por trabajos no realizados e informar de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Por otro lado, tiene la obligación de subsanar las deficiencias señaladas en el Informe rendido por ODIN. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión Per Curiam y Sentencia. El Alguacil de este Tribunal deberá incautar la obra protocolar del señor Miranda Díaz, incluyendo el libro de Registro de Testimonios y su sello notarial, y entregar la misma al Director de la ODIN para la correspondiente investigación e informe.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta y la Jueza Asociada señora Rodríguez Rodríguez no intervinieron.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo