EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re<br><br>Juan A. Marques Latorre | 2012 TSPR 145<br><br>186 DPR ____ |

Número del Caso: AB-2011-166

Fecha: 15 de agosto de 2012

Materia: Conducta Profesional – La suspensión será efectiva el 4 de septiembre de 2012 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan A. Marqués Latorre              AB-2011-0166

PER CURIAM

San Juan, Puerto Rico, a 15 de agosto de 2012.

Nuevamente nos vemos en la obligación de suspender a un miembro de la profesión legal por incumplir con los requerimientos de este Tribunal. Por los motivos que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Juan A. Marqués Latorre del ejercicio de la abogacía.

I.

El licenciado Marqués Latorre fue admitido al ejercicio de la abogacía el 3 de enero de 1974. El 6 de junio de 2011, el Sr. Enrique Trigo Tió presentó ante nos una queja disciplinaria contra el abogado de epígrafe, en la cual alegó que pese a sus intentos no ha logrado establecer más comunicación con el licenciado. Esto, con el

propósito de solicitarle que le devolviera $1,000 por servicios profesionales que el licenciado Marqués Latorre le cobró, pese al acuerdo de honorarios por contingencia, y que el señor Trigo Tió pagó influenciado, alegadamente, por la prisa que el abogado le inculcó debido a la posible prescripción de algunas de sus alegaciones.

El 23 de junio de 2011, la Subsecretaria del Tribunal Supremo cursó comunicación al licenciado Marqués Latorre en la cual se le concedió un término de diez (10) días para que tuviera la oportunidad de contestar la queja presentada en su contra. Esa comunicación se cursó mediante correo certificado a la dirección que obra en nuestro Registro. Sin embargo, el envío fue devuelto por el Servicio Postal con la nota "UNCLAIMED". En consecuencia, el 22 de septiembre de 2011, realizamos una segunda notificación a esa misma dirección mediante correo certificado. Esa segunda notificación fue devuelta por el correo por la siguiente razón: "ATTEMPTED NOT KNOWN".

Así las cosas, el 28 de noviembre de 2011 emitimos una Resolución en la cual le concedimos al licenciado Marqués Latorre un término final de diez (10) días para que compareciera ante este Tribunal y contestara la queja presentada. Asimismo, se le informó que las comunicaciones previas habían sido enviadas a la dirección que surge del Registro Único de Abogados y Abogadas. Además, se le apercibió que el incumplimiento con nuestra Resolución podía conllevar sanciones disciplinarias severas,

incluyendo la suspensión del ejercicio de la profesión. En esa ocasión ordenamos que la Resolución se notificara personalmente al licenciado Marqués Latorre por la Oficina del Alguacil de este Tribunal.

No obstante lo anterior, el diligenciamiento personal de nuestra Resolución por parte de la Oficina del Alguacil de este Tribunal fue devuelto negativo. Ello, debido a que las direcciones previamente suministradas por el abogado son del estado de Florida y los números telefónicos, también provistos por el licenciado, se encuentran fuera de servicio. Ante ese escenario, se envió por correo certificado al licenciado Marqués Latorre la aludida resolución de 28 de noviembre de 2011. También fue devuelta por el Servicio Postal con la nota "UNCLAIMED".

Al día de hoy el licenciado Marqués Latorre no ha comparecido a contestar la queja ni ha cumplido con el requerimiento de nuestra Resolución.

II.

Los abogados y las abogadas deben cumplir rigurosamente con nuestros requerimientos y responder de forma diligente y oportuna a los señalamientos que se le hacen. *In re* Rojas Rojas, 2012 T.S.P.R. 80, res. el 11 de abril de 2012; *In re* Rivera Rosado, 180 D.P.R. 698 (2011); *In re* Santiago Méndez, 174 D.P.R. 823 (2008). La diligencia de los miembros de la profesión legal al atender nuestros requerimientos cobra mayor trascendencia cuando se trata de un proceso disciplinario. *In re* Rojas Rojas, *supra*; *In re*

Rivera Rosado, *supra*; *In re* Fiel Martínez, 180 D.P.R. 426 (2010).

Cuando un abogado o una abogada incumple con nuestros requerimientos e ignora el apercibimiento de sanciones disciplinarias, las cuales como en este caso incluyen que su falta de diligencia puede causar la suspensión, corresponde que lo separemos inmediatamente de la profesión. *In re* Rojas Rojas, *supra*; *In re* Morales Rodríguez, 179 D.P.R. 766 (2010). Por ello, hemos expresado que los miembros de la profesión legal vienen obligados a cumplir con nuestros requerimientos independientemente de los méritos de la acción disciplinaria incoada. Íd.

Incumplir con los requerimientos y órdenes de este Tribunal representa una violación ética independiente. Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX; *In re* Rojas Rojas, *supra*; *In re* Fiel Martínez, *supra*. El Canon 9 de Ética Profesional, *supra*, exige respeto hacia los tribunales por parte de los funcionarios del Tribunal que son admitidos a la profesión. Por lo tanto, no podemos tomar de forma liviana el incumplimiento con nuestro trámite disciplinario.

De otra parte, le recordamos nuevamente a los abogados y a las abogadas de su deber de notificar inmediatamente a este Tribunal cualquier cambio en su dirección postal o física. Regla 9(j) del Reglamento del Tribunal Supremo, 2011 T.S.P.R. 174, aprobado el 22 de noviembre de 2011. *In re* Rojas Rojas, *supra*; *In re* Morales Rodríguez, *supra*. La

actual Regla 9(j) del Reglamento de este Tribunal impone los mismos requisitos que la Regla 9(j) de nuestro Reglamento anterior. Véase, 4 L.P.R.A. Ap. XXI-A, R. 9. Cabe recordar que el 3 de junio de 2010 emitimos una Resolución mediante la cual ordenamos a todos los abogados y abogadas a que revisaran y actualizaran sus direcciones en el Registro Único de Abogados y Abogadas. Cuando un abogado ignora su obligación de mantener al día ese Registro dificulta nuestra labor disciplinaria. *In re* Rojas Rojas, *supra*.

### III.

Nos encontramos una vez más con un abogado que incumple su obligación de mantener actualizada su información de contacto en nuestro Registro, lo cual dificulta nuestra función disciplinaria y facilita que se ignoren nuestros requerimientos disciplinarios. El licenciado Marqués Latorre nunca ha contestado nuestros requerimientos sobre la queja en cuestión. Han sido dos comunicaciones por parte de la Subsecretaria de nuestro tribunal las no atendidas por el licenciado; un diligenciamiento personal infructuoso de nuestra Resolución de 28 de noviembre de 2011 y una notificación de esa Resolución sin respuesta.

Al día de hoy, el licenciado Marqués Latorre no ha actualizado su dirección y sus números telefónicos en el Registro Único de Abogados y Abogadas. Su paradero es

desconocido y su incumplimiento evidente. Tal proceder es inaceptable.

IV.

Por todo lo anterior, se suspende inmediata e indefinidamente al Lcdo. Juan A. Marqués Latorre del ejercicio de la abogacía. Asimismo, se le apercibe al abogado de epígrafe que en el futuro deberá cumplir cabalmente con el ordenamiento que rige el desempeño de la profesión jurídica y, en específico, con mantener actualizada su información en el Registro Único de Abogados y Abogadas, y con nuestros requerimientos y órdenes.

El señor Marqués Latorre notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Se le ordena al señor Marqués Latorre que nos certifique haber cumplido con los requerimientos anteriores dentro de un plazo de treinta (30) días a partir de la notificación de esta Opinión y la sentencia adjunta.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan A. Marqués Latorre                   AB-2011-0166

SENTENCIA

San Juan, Puerto Rico, a 15 de agosto de 2012.

Por las razones expuestas en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Juan A. Marqués Latorre del ejercicio de la abogacía.

El señor Marqués Latorre notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Se le ordena al señor Marqués Latorre que nos certifique haber cumplido con los requerimientos anteriores dentro de un plazo de treinta (30) días a partir de la notificación de esta Opinión y la sentencia adjunta.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo