EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re: <br><br><br> Rafael Torres Alicea | 2013 TSPR 57 <br><br> 188 DPR ____ |

Número del Caso:     AB-2006-169
                     AB-2012-254
                     AB-2012-325
                     AB-2012-394

Fecha: 3 de mayo de 2013

Materia: Conducta Profesional – La suspensión será efectiva el 15 de mayo de 2013, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>RAFAEL TORRES ALICEA | AB-2006-0169<br>AB-2012-0254<br>AB-2012-0325<br>AB-2012-0394 | CONDUCTA<br>PROFESIONAL: |

*PER CURIAM*

En San Juan, Puerto Rico, a 3 de mayo de 2013.

Desafortunadamente, hoy nos encontramos nuevamente con el deber y la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento craso con los requerimientos de este Tribunal. A pesar de las numerosas oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta de indiferencia que es temeraria y constituye un desafío directo a este Tribunal.

## I

El Lcdo. Rafael Torres Alicea, fue admitido al ejercicio de la abogacía el 20 de enero de 1989 y a la notaría el 28 de febrero de 1989.

Para el 6 de julio de 2006 se presentó una Queja ante este Tribunal contra el licenciado Torres Alicea por alegadamente haber autorizado una Escritura de Compraventa

de un inmueble sin estudio de título, sin las advertencias legales a esos efectos y que alegadamente no había cancelado un Pagaré que afectaba dicha propiedad inmueble.

Ante esta situación, el licenciado Torres Alicea contestó la Queja formulada en su contra y admitió que no había cancelado el Pagaré en cuestión al momento de la compraventa. No obstante, señaló que la hipoteca siempre había estado inscrita y que ello era de conocimiento de las partes. Sin embargo, apuntó que había hecho constar tal situación en el párrafo tres (3) de la parte expositiva de la Escritura.

Por su parte la Oficina de Inspección de Notarías, (ODIN), nos presentó un Informe en donde concluía que el licenciado Torres Alicea no había realizado una investigación adecuada de los antecedentes registrales del inmueble en cuestión ya que este estaba gravado con una hipoteca distinta a la que se describió en la Escritura y que no había advertido a los otorgantes la necesidad de realizar un estudio de título. Luego de haberle concedido varios términos para contestar el Informe de ODIN, el licenciado Torres Alicea compareció ante nos admitiendo los hechos antes reseñados. No obstante, se limitó a exponer que el derecho plasmado en el Informe no era aplicable a la Querella de autos y sostuvo que no tenía la obligación de proveer el Pagaré para su cancelación.

Teniendo la postura del licenciado Torres Alicea ante esta Queja y el Informe de ODIN sobre la misma, el 4 de

febrero de 2009, este Tribunal emitió una Opinión *Per Curiam* y Sentencia en la que se dispuso la suspensión de forma inmediata e indefinida al licenciado Rafael Torres Alicea del ejercicio de la notaría. Se le apercibió al licenciado Torres Alicea, desde ese momento, que en el futuro, <u>contestara los requerimientos de este Tribunal dentro del término señalado</u>. Además se ordenó la incautación de los protocolos y registros de afidávits de dicho notario.

Luego de la incautación de la obra, y como de costumbre, ODIN inspeccionó los protocolos del 2003 al 2009. De dicha inspección[1] surgió que solamente los protocolos del 2003 y 2004 estaban encuadernados. De los protocolos del 2005 al 2008 surgieron las faltas siguientes:

1. No estaban encuadernados (en violación al Artículo 52 de la Ley Notarial)

2. No existían Índices por año

3. Los folios estaban sin numeración general

4. La mayoría de los instrumentos estaban sin enumeración general

5. No obraban notas de cierre en dichos años

6. Las aperturas estaban incompletas

7. La obra Notarial reflejó una deuda arancelaria de:

    a) Sellos de Rentas Internas= $5,181.00

    b) Sellos de Impuesto Notarial= $90.00

    c) Sellos de Asistencia Legal(Escrituras)= $455.00

---

[1] Véase Moción sobre Estado de Obra Incautada presentada por ODIN.

d) Sellos de Asistencia Legal(Registro de Testimonios)= $1,449.00

Al venir en conocimiento de esta situación, este Tribunal emitió el 16 de octubre de 2009, una *Resolución* donde le concedíamos un término de treinta (30) días a partir de la notificación de la Resolución para que el licenciado Torres Alicea expusiera su posición.

Transcurrido el término concedido sin que el licenciado Torres Alicea contestara dicha Resolución, se le diligenció la misma de forma personal, a través de un alguacil el 13 de enero de 2010. Para el 11 de febrero del 2010 el licenciado Torres Alicea solicitó treinta (30) días para cumplir con la Orden del Tribunal y poder exponer su posición en cuanto al Informe de ODIN.

El 12 de marzo de 2010 este Tribunal emitió una Resolución concediéndole al licenciado Torres Alicea un término final de treinta (30) días para que expresara su posición y apercibiéndole que "el incumplimiento con esta orden podrá ser razón  suficiente para ser encontrado incurso en desacato". Además, se ordenó que esta Resolución fuera notificada personalmente a través de la Oficina de Alguaciles, siendo diligenciada la misma el miércoles 24 de marzo de 2010.

El 26 de abril de 2010, el licenciado Torres Alicea presentó su postura la cual no objetaba estos señalamientos y se colocó en disposición de corregir las faltas señaladas. Tomada en cuenta su posición este tribunal emitió otra Resolución el 21 de mayo de 2010, en

la que se le concedió sesenta (60) días, a partir de la notificación de la Resolución, para: a) pagar la deuda arancelaria pendiente **y** b) subsanar las deficiencias encontradas.

Llegado el término concedido por este Tribunal, sin contestación alguna del licenciado Torres Alicea, emitimos el 29 de octubre de 2010 una nueva Resolución en la que le concedimos un término final de veinte (20) días para cumplir con la Resolución del 21 de mayo. Asimismo, se le advirtió que el incumplimiento con lo antes ordenado podría conllevar severas sanciones disciplinarias incluyendo la suspensión indefinida de la profesión. Nuevamente se ordenó que se le notificase personalmente al licenciado Torres Alicea, siendo notificado personalmente el 9 de noviembre de 2010.

El 1 de diciembre de 2010, el licenciado Torres Alicea presentó ante la Secretaria de este Tribunal su "Contestación a la Resolución". Entre otras cosas, se comprometió a culminar el trámite en esa semana. Así las cosas, el 20 de enero de 2011 el licenciado Torres Alicea presentó "Notificación sobre Cumplimiento" donde informó que: había remitido un cheque de siete mil ciento setenta y cinco dólares ($7,175.00) en pago de los aranceles notariales adeudados y que solicitó una reunión con el Inspector de Notarías para discutir ciertas dudas.

Pasado más de un (1) año y vista la notificación del licenciado Torres Alicea, el 6 de junio de 2012 este

Tribunal emitió una Resolución en la que le concedió a ODIN veinte (20) días para que se expresara. En cumplimiento con lo requerido por este Tribunal, ODIN informó que: 1) no habían recibido la moción del 20 de enero de 2011 que el licenciado Torres Alicea había presentado ante este Tribunal; 2) el Inspector de protocolos a cargo del caso alegó que el licenciado Torres Alicea nunca se había comunicado con él; 3) ODIN no tenía en su poder el cheque que alegaba haber enviado el licenciado Torres Alicea; 4)ODIN no estaba facultada en ley a recibir moneda de curso legal ni de otra forma que no sea los aranceles de rentas internas, impuesto notarial y de la Sociedad para la Asistencia Legal; 5) exhortó al abogado  que verificara con el banco el cobro de dicho cheque y 6) le recomendó al Tribunal recordarle al licenciado Torres Alicea que era su deber subsanar lo ante posible las deficiencias.

Ante esta grave situación, este Tribunal emitió una Resolución el 21 de septiembre de 2012 donde le concedió un término final de sesenta (60) días para que corrigiera las faltas señaladas, apercibiéndole  de que si incumplía con lo ordenado se impondrían sanciones disciplinarias incluyendo la suspensión de la abogacía. Nuevamente este Tribunal tomó la precaución y molestia de notificar esta Resolución de manera personal por medio de un alguacil el 27 de septiembre de 2012.

Por otro lado, el 12 de julio de 2012 se presentó la **Queja Núm. AB-2012-254** donde se alegó dejadez y falta de comunicación del licenciado Torres Alicea con el cliente en relación al estado del caso de la querellante. La Secretaria de este tribunal notificó, el pasado 3 de agosto de 2012 como el 11 de febrero de 2013, al licenciado Torres Alicea para que contestara esta Queja apercibiéndole de  las consecuencias de no hacerlo.

El 28 de agosto de 2012, se presentó la **Queja Núm. AB-2012-325** donde se alegó nuevamente dejadez y negligencia del licenciado Torres Alicea en el trámite de un caso de quiebras. Igualmente se alegó que no podían contactar al licenciado Torres Alicea de ninguna manera. La Secretaria de este tribunal notificó de esta otra Queja, el pasado 18 de septiembre de 2012 como el 2 de noviembre de 2012, al licenciado Torres Alicea para que la contestara. Dichas comunicaciones fueron devueltas por correo por no haber sido reclamadas o *"unclaimed"* por lo que el 22 de febrero del 2013 este Tribunal emitió una Resolución donde le concedimos cinco (5) días para que el licenciado Torres Alicea contestara esta otra Queja y apercibiéndolo nuevamente de los posibles resultados de no hacerlo. Esta Resolución fue notificada personalmente (por un alguacil) el 28 de febrero de 2013.

Si no fuera suficiente, el 17 de octubre del 2012 se presentó la **Queja Núm. AB-2012-394** donde se alegó entre otras cosas que el licenciado Torres Alicea no otorgó

ciertas Escrituras de pago de unos legados y otorgó una Escritura de Compraventa que no pudo ser presentada al Registro de la Propiedad, debido a que invirtió a las comparecientes. Además se alegó que no podían contactar de ninguna manera al licenciado Torres Alicea. Nuevamente este Tribunal emitió otra Resolución donde le concedimos cinco (5) días para que el licenciado Torres Alicea contestara esta Queja y apercibiéndolo nuevamente de los posibles resultados de no hacerlo, porque no había contestado ninguna de las notificaciones enviadas el 9 de noviembre de 2012 y 27 de diciembre de 2012 para esta Queja. Esta Resolución fue notificada personalmente el 28 de febrero de 2013.

Hasta el momento el licenciado Torres Alicea[2] no ha obedecido con lo dispuesto en el caso AB-2006-0169. De igual manera y de forma temeraria, el licenciado Torres Alicea no ha contestado las Quejas AB-2012-254, AB-2012-325 y AB-2012-394.

## II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. Al interpretar esta norma ética, hemos señalado, en numerosas ocasiones, que un abogado incumple con este precepto cuando ignora los

---

[2] El licenciado Rafael Torres Alicea tiene otras dos (2) Quejas (AB-2009-326 y AB-2010-1029) que se encuentran ante la Procuradora General

requerimientos de este Tribunal. *In re:* Buono Colón, res. el 28 de nov. de 2012, 187 D.P.R. ____ (2012), 2012 T.S.P.R. 177, citando a, *In re:* Arroyo Rivera, 182 D.P.R. 732, 735 (2011); *In re:* Fiel Martínez, 180 D.P.R. 426, 439 (2010). La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. *In re* García Incera, 177 D.P.R. 329 (2010); *In re* Colón Rivera, 165 D.P.R. 148 (2007). Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. *In re* García Incera, supra. A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *Id.*

De igual forma "hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos". *In re* Vellón Reyes, 181 D.P.R. 928 (2011); *In re* García Incera, supra. "Cada día nos asombra más cómo a pesar de las múltiples ocasiones en las que hemos acentuado la importancia del cumplimiento con las órdenes de este Tribunal, aún hay miembros de la profesión que las

---

para su correspondiente informe, por lo que en este momento no vamos a

ignoran. Parecería que para muchos abogados, el Canon 9 de Ética Profesional, supra, ha sido eliminado de este cuerpo de normas." *In re* Ramírez Ferrer, 183 D.P.R. 382 (2011).

Inclusive tan reciente como en *In re:* Piñero Vega, res. en 25 de febrero de 2013, 188 D.P.R. ___ (2013), expresamos que "cuando un abogado incumple con nuestros requerimientos –o aquellos emitidos por ODIN- e ignora el apercibimiento de sanciones disciplinarias, hemos sido consistentes en suspenderlo indefinidamente de la práctica legal." Citando a In re: Marques Latorre, res. el 15 de ago. de 2012, 186 D.P.R. ___ (2012), 2012 T.S.P.R. 145; In re: Morales Rodríguez, 179 D.P.R. 766, 770 (2010).

Aun cuando apercibimos al licenciado Torres Alicea de que podrían imponérsele sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión, este ha hecho caso omiso.

Hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. *In re García Incera*, supra.

El Lcdo. Rafael Torres Alicea ha incumplido con nuestros requerimientos en innumerables ocasiones denotando una actitud de dejadez e indiferencia igual a lo

___

expresarnos sobre las mismas.

que se alega en las querellas incoadas. Este Tribunal no tolera ni tolerará la indiferencia y dejadez de un abogado con sus clientes, casos, ni mucho menos con el incumplimiento de las Órdenes dadas por este o cualquier tribunal. No podemos dejar al arbitrio de un abogado qué Órdenes de este Tribunal cumplir o no. Definitivamente no podemos avalar dicha actuación.

Un análisis del voluminoso expediente del Lcdo. Rafael Torres Alicea refleja de manera absoluta que la conducta del licenciado es temeraria y constituye un desafío a nuestra jurisdicción disciplinaria. Todo lo relatado denota falta de diligencia y un alto grado de indiferencia ante nuestros apercibimientos de sanciones disciplinarias.

III

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se suspende inmediatamente e indefinidamente del ejercicio de la abogacía al Sr. Rafael Torres Alicea. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquier honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de comunicarse con la Oficina de Inspección de Notarias (ODIN) para subsanar cualquier deficiencia encontrada y reponer la deuda arancelaria de siete mil ciento setenta y cinco dólares ($7,175.00) en sellos. Se le advierte al señor Torres Alicea que el incumplimiento

con lo anterior podrá conllevar el inicio de un procedimiento de desacato, así como que se refiera el asunto al Departamento de Justicia por la deuda arancelaria.

Por último, el Sr. Rafael Torres Alicea debe acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>RAFAEL TORRES ALICEA | AB-2006-0169<br>AB-2012-0254<br>AB-2012-0325<br>AB-2012-0394 | CONDUCTA<br>PROFESIONAL: |

**SENTENCIA**

En San Juan, Puerto Rico, a 3 de mayo de 2013.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se suspende inmediatamente e indefinidamente del ejercicio de la abogacía al Sr. Rafael Torres Alicea. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquier honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de comunicarse con la Oficina de Inspección de Notarias (ODIN) para subsanar cualquier deficiencia encontrada y reponer la deuda arancelaria de siete mil ciento setenta y cinco dólares ($7,175.00) en sellos. Se le advierte al señor Torres Alicea que el incumplimiento con lo anterior podrá conllevar el inicio de un procedimiento de desacato, así como que se refiera el asunto al Departamento de Justicia por la deuda arancelaria.

Por último, el Sr. Rafael Torres Alicea debe acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Sentencia.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo